State v. Chadwick.

STATE *v.* CHADWICK.

(*Nashville.*  December Term, 1914.)

1. **HOMICIDE.**  Punishment.  Assessment by jury.  Statutory provisions.

Under Shannon's Code, sec. 7206, providing that in no case shall any person convicted of a felony be confined for less · than twelve months in the penitentiary, and that whenever, in the opinion of the jury, the offense merits a less punishment than twelve months in the penitentiary, the jury may punish by confinement in the county jail for any less period, and section 6446, providing that whoever is convicted of involuntary manslaughter shall undergo confinement in the penitentiary for not less than one nor more than five years, on a conviction for involuntary manslaughter, the jury may assess the punishment at imprisonment in the county jail for less than one year, as section 7206 authorizes such assessment whenever imprisonment in the penitentiary for twelve months is fixed as the minimum punishment. (*Post, pp.* 356, 357.)

Acts cited and construed:  Acts 1913, ch. 8; Acts 1859-60, ch. 63.

Code cited and construed:  Secs. 6446, 7206 (S).

Cases cited and approved:  Bolton v. State, 45 Tenn., 650; Davis v. State, 65 Tenn., 429; Ferrell v. State, 70 Tenn., 25; Morton v. State, 91 Tenn., 438; Mitchell v. State, 123 Tenn., 650.

2. **CRIMINAL LAW.**  Punishment.  Assessment by jury.  Statutory provisions.

Shannon's Code, sec. 7206, was not repealed by Acts 1913, ch. 8, sec. 1, providing that whenever any person over eighteen is convicted of any felony, or other crime punishable by imprisonment in the penitentiary, the court shall sentence such person to the penitentiary for an indefinite period not to exceed the maximum term provided by law for the crime for which he was convicted and sentenced, provided that this shall not

State v. Chadwick.

interfere with the operation of statutes providing for punishment for certain offenses by fine or imprisonment in the county jail or both, as felonies to which section 7206 relates are not offenses punishable by imprisonment in the penitentiary if, in the opinion of the jury, they merit a less punishment than twelve months in the penitentiary, and moreover the proviso excludes section 7206 from the purview of chapter 8. (*Post, pp.* 357-359.)

Acts cited and construed:    Acts 1913, ch. 8.

Code cited and construed:    Sec. 7206 (S.).

3. **STATUTES.    Repeal.    Implied repeal.**
Nothing short of an irreconcilable conflict between two statutes works a repeal by implication.    (*Post, p.* 359.)

Cases cited and approved:    Coke, etc., Co. v. Electric Co., 123 Tenn., 428; McCampbell v. State, 116 Tenn., 98; Memphis, etc., R. R. Co. v. Union R. R. Co., 116 Tenn., 500; Balden v. State, 122 Tenn., 704.

4. **CRIMINAL LAW.    Instructions.    Necessity of requests.**
Under Shannon's Code, sec. 7188, providing that it shall be the duty of all judges, in charging juries in criminal prosecutions for felonies wherein two or more grades or classes of offense may be included in the indictment, to charge as to all of the law of each offense included, without any request on the part of defendant to do so, on a trial for involuntary manslaughter the court without request should have charged the provisions of section 7206 relative to assessing the punishment at imprisonment in the county jail, and it was error to refuse a request for such an instruction.    (*Post, p.* 359.)

Acts cited and construed:    Acts 1913, ch. 8.

Code cited and construed:    Secs. 7188, 7206 (S).

FROM MONTGOMERY.

Appeal from the Criminal Court of Montgomery County.—N. C. TYLER, Judge.

A. R. GHOLSON, DANCEY FORT and WM. DANIEL, JR., for appellant.

WM. H. SWIGGART, JR., assistant attorney-general, for the State.

MR. JUSTICE GREEN delivered the opinion of the Court.

Plaintiff in error was convicted of involuntary manslaughter, and has appealed in error to this court.

In the trial below the circuit judge omitted to give in charge to the jury section 7206 of Shannon's Code, providing for commutation of punishment by the jury to confinement in the county jail.

A request was tendered the trial judge at the conclusion of his charge, in which he was asked to instruct the jury as to the provisions of this section of the Code, but this request was refused.

His honor was of opinion that said section was repealed by chapter 8 of the Acts of 1913, known as the indeterminate sentence law. The foregoing action of the court is here assigned as error.

Section 7206 of Shannon's Code is as follows:

"In no case shall any person convicted of a felony be confined for a less period than twelve months in the penitentiary. Whenever, in the opinion of the jury in any case the offense merits a less punishment than

twelve months in the penitentiary, the jury may punish by confinement in the county jail for any period of time short of twelve months."

This is taken from chapter 63, Acts of 1859-60, and has been construed by this court in the following cases: *Bolton* v. *State,* 5 Cold., 650; *Davis* v. *State,* 6 Baxt., 429; *Ferrell* v. *State,* 2 Lea, 25; *Morton* v. *State,* 91 Tenn., 438, 19 S. W., 225; *Mitchell* v. *State,* 123 Tenn., 650, 134 S. W., 306.

In the cases referred to this court has said that the statute quoted was passed for the purpose of giving to the jury the power of commuting punishment of all offenses where the punishment prescribed by law was as low as one year's imprisonment in the penitentiary. The statute in question applies only to cases where twelve months in the penitentiary is fixed as the minimum punishment.

Section 6446 of Shannon's Code, provides that:

"Whoever is convicted of involuntary manslaughter shall undergo confinement in the penitentiary not less than one nor more than five years."

So it is manifest that section 7206 of Shannon's Code applies to this case, and should have been given in charge to the jury, unless said section has been repealed by chapter 8 of the Acts of 1913.

The first section of chapter 8 of the Acts of 1913 is as follows:

"Whenever any person over eighteen years of age is convicted of any felony or other crime committed after the passage of this act and punishable by im-

prisonment in the penitentiary, the court imposing said sentence shall not fix a definite term of imprisonment, but shall sentence such person to the penitentiary for an indefinite period, not to exceed the maximum term . . . provided by law for the crime for which the person was convicted and sentenced, making allowance for good time as now provided by law; and the person sentenced shall be subject to release or parole, and to final discharge by the board of parole as hereinafter provided: Provided, that if a person be sentenced for two or more such separate offenses, sentence shall be pronounced for each offense, and imprisonment thereunder may equal, but shall not exceed, the total of the maximum terms provided by law for such offenses, which total shall, for the purpose of this act, be construed as one continuous term of imprisonment; and provided, further, that this act shall not interfere with the operation of statutes providing for punishment for certain offenses by fine or imprisonment in the county jail or both.''

It will be observed that the act of 1913 is one intended to apply to offenses punishable by imprisonment in the penitentiary. Felonies, to which section 7206 of Shannon's Code relates, are not punishable by imprisonment in the penitentiary if, in the opinion of the jury, they merit a less punishment than twelve months in the penitentiary.

So we are of opinion that the act of 1913 does not include cases in which the jury is of opinion that the offender should be punished with a jail sentence only.

This view is strengthened by a *proviso* at the end of section 1 of the act of 1913, to the effect that the act shall not interfere with the operation of statutes providing for punishment by fine or imprisonment in the county jail. We think that, naturally construed, this *proviso* excludes section 7206 of Shannon's Code from the purview of chapter 8 of the Acts of 1913.

If the statutes can be harmonized, it is our duty to do so; for nothing short of an irreconcilable conflict between two statutes works a repeal by implication. *Coke, etc., Co.* v. *Electric Co.,* 123 Tenn., 428, 131 S. W., 988, 31 L. R. A. (N. S.), 278; *McCampbell* v. *State,* 116 Tenn., 98, 93 S. W., 100; *Memphis, etc., R. R. Co.* v. *Union R. R. Co.,* 116 Tenn., 500, 95 S. W., 1019; *Balden* v. *State,* 122 Tenn., 704, 127 S. W., 134.

Notwithstanding the passage of chapter 8 of the Acts of 1913, section 7206 of Shannon's Code is still in force, and should be given in charge to the jury in all cases where the punishment prescribed by law is as low as twelve months in the penitentiary.

It was the duty of the trial judge to give section 7206 of Shannon's Code in charge without any request. Shannon's Code, section 7188. It was certainly error on his part to refuse a request embodying section 7206.

The case will be reversed and remanded for a new trial.