West v. State.

# J. W. WEST *v.* THE STATE.

## (*Jackson.*    April Term, 1918.)

1. **CRIMINAL LAW.** Confinement in workhouse. *Application of statute.*

   Pub. Acts, 1915, chapter 107, (Thompson's-Shannon's Code, section 7206a), providing that where any person shall be convicted of felony, and jury shall be of opinion offense merits punishment of five years òr less, court may order person confined in county workhouse, does not apply to felonies for which maximum punishment exceeds five years' imprisonment in penitentiary. (*Post, pp.* 359, 360.)

   Acts cited and construed: Acts 1911, ch. 36; Acts 1915, ch. 107.

   Code cited and construed: Sec. 6456 (T.-S.).

2. **STATUTES.** Construction. Absurd result.

   In construing statutes, the rule is that the courts will not adopt a construction which will effectuate an absurd result. (*Post, pp.* 360-362.)

   Acts cited and construed: Acts 1913, ch. 8;

   Cases cited and approved: Riggins v. Tyler, 134 Tenn., 581; Wise v. Morgan, 101 Tenn., 273; State ex rel. v. Bush, 136 Tenn., 478.

   Case cited and distinguished: Woods v. State, 130 Tenn., 100.

   Code cited and construed: Sec. 7210a9 (T.-S.).

3. **STATUTE.** Construction. Conflict with former act.

   It is the duty of the supreme court, in construing a statute, if possible, to avoid a conflict with a prior act. (*Post, p.* 362.)

   Acts cited and construed: Acts 1913, ch. 8, sec. 2.

   Cases cited and approved: Life & Casualty Co. v. King, 137 Tenn., 698; State v. Chadwick, 131 Tenn., 356.

FROM MADISON.

Appeal from the Circuit Court of Madison County. —Hon. N. R. Barham, Judge.

T. W. Pope, for appellant.

W. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Justice Fentress delivered the opinion of the Court.

The plaintiff in error was convicted of having carnal knowledge of a female over twelve and under twenty years of age. His punishment was fixed at three years' imprisonment in the county jail or workhouse.

The penalty for the offense is imprisonment in the State penitentiary from three to ten years, Acts 1911, chapter 36; Thompson's-Shannon's Code, 6456.

The judgment of the trial court was, evidently, predicated upon chapter 107 of the Acts of 1915. Section 1 of that act provides that:

"In all cases where any person shall be convicted of a felony, and the jury, trying the case, shall be of the opinion that the offense merits a punishment of five years or less, the court, in its discretion, may order said person confined in the county workhouse for the term of such sentence." Thompson's Shannon's Code, section 7206a.

We are of the opinion that the act does not apply to felonies for which the maximum punishment exceeds five years' imprisonment in the penitentiary.

To hold that the act applies to major felonies would put the general assembly in the attitude of conferring authority upon juries and trial judges to fix the punishment, for grave offenses, as a small workhouse sentence. For illustration, the punishment of the plaintiff in error could have been fixed at a day in the workhouse. For any other crime committed, for which the minimum penalty is less than five years' imprisonment in the penitentiary, a similar punishment would be authorized. It is manifest that the legislature had no such intention in mind. To give the act this meaning would set at naught many of our criminal statutes. In construing statutes, the rule is that the courts will not adopt a construction which would effectuate an absurd result. *Riggins* v. *Tyler*, 134 Tenn., 581, 184 S. W., 860; *Wise* v. *Morgan*, 101 Tenn., 273, 48 S. W., 971, 44 L. R. A., 548.

The inapplicability of the act of 1915 is further accentuated when considered in connection with chapter 8 of the Acts of 1913, generally known as the "Indeterminate Sentence and Parole Law."

Prior to the passage of this act the discretion was vested in juries and trial courts to fix the punishment of persons, convicted of penitentiary offenses, at imprisonment for a definite period, between the minimum and maximum terms defined as a penalty

for the offense committed.   By that act it was pro-
vided that:

"Whenever any person over eighteen years of
age is convicted of any felony or other crime com-
mitted after the passage of this act,  . . .  punish-
able by imprisonment in the penitentiary, the court
imposing such sentence, shall not fix a definite term
of imprisonment, but shall sentence such person to
the penitentiary for an indefinite period, not to ex-
ceed the maximum term nor to be less than the
minimum term, provided by law, for the crime for
which the person was convicted and sentenced."
Thompson's Shannon's Code, section 7210a9.

Other sections of the act provide that the discretion
to parole prisoners and to recommend to the Governor
their final discharge is vested in the board of prison
commissioners.

This act was construed by this court in an opinion
delivered by the Chief Justice in *Woods* v. *State*, 130
Tenn., 100, 169 S. W., 558, L. R. A., 1915F, 531.
It was there said that:

"The sentence, though indeterminate, not less than
the minimum nor more than the maximum, is in fact
for the maximum, subject to reduction in the man-
ner stated, after the minimum time shall have been
served."

In the later case of *State ex rel. v. Bush,* 136 Tenn.,
478, 190 S. W., 453, it was held that where a prisoner
had been paroled, after serving the minimum period
of his sentence, under this act, he was still amenable
to the control of the board of prison commissioners,

and subject to confinement in prison until the expiration of the maximum period of his sentence.

If, therefore, chapter 8 of the Acts of 1913 had been applied to this case, the judgment would have been that the plaintiff in error be confined in the penitentiary for ten years, subject to parole after having served three years. By this act the duration of his incarceration, after serving the minimum period provided for the commission of the offense, would depend upon his conduct.

To hold the act of 1915 applicable would, it is seen, produce a conflict with the act of 1913, which it is the duty of the court, if possible, to avoid. *Life & Casualty Co.* v. *King,* 137 Tenn., 698, 195 S. W., 585; *State* v. *Chadwick,* 131 Tenn., 354, 174, S. W., 1144.

By section 2 of chapter 8 of the Acts of 1913 it is provided that:

"If, through mistake or otherwise, any person shall be sentenced for a definite period of time for any offense, such sentence shall not be void, but the person shall be deemed to be sentenced nevertheless as provided by the terms of this act; and he shall be entitled to all the benefits and subject to the liabilities under this act in the same manner and to the same extent as if sentence had been pronounced in the terms and manner required thereby."

In compliance with this provision of the act, the defendant will be sentenced to a period of confinement in the State penitentiary for not less than three nor more than ten years.