ONEIDA HIGH SCHOOL OF SCOTT COUNTY *v.* SCOTT COUNTY
BOARD OF EDUCATION.

(*Knoxville.*  September Term, 1921.)

1. **STATUTES.** Irreconcilable repugnancy necessary to implied repeal.
   In order for a later act to repeal an earlier one by implication, there
   must be an irreconcilable repugnancy between the two acts. (*Post*,
   *p.* 316.)

Acts cited and construed: Acts 1915, ch. 371; Acts 1921, ch. 120.

Cases cited and approved: McCampbell v. State, 116 Tenn., 98; Key
   v. Harris, 116 Tenn., 161; State v. Chadwick, 131 Tenn., 359; Rail-
   road v. Railway, 116 Tenn., 500.

Constitution cited and construed: Sec. 8, arts. 1, 11.

2. **SCHOOLS AND SCHOOL DISTRICTS.** Act creating special district
   held not repealed by act creating county boards of education.
   Acts 1921, chapter 120, creating a county board of education in each
   county, section 11 of which provided that nothing therein should
   be construed as applying to or limiting the duties of special school
   districts already created, did not impliedly repeal Priv. Acts 1915,
   chapter 371, creating a special school district and vesting control
   of the school therein in a board of trustees, so that the special dis-
   trict trustees are entitled to mandatory injunction to recover
   possession of the school from the county board of education. (*Post*,
   *pp*, 316, 317.)

Acts cited and construed: Acts 1921, ch. 120; Acts 1915, ch. 371.

---

FROM SCOTT.

---

Appeal from the Chancery Court of Scott County.—
HON. JOHN JENNINGS, JR., Chancellor.

SMITH, WORD & ANDERSON, for appellant.

J. F. BAKER, E. G. FOSTER and DAVIS & DAVIS, for defendant.

MR. JUSTICE HALL delivered the opinion of the Court.

This is a contest between complainants and defendants as to who is entitled to control the school property and school of a special school district in Scott county known as the Oneida High School of Scott county.

The original bill was filed on August 27, 1921, by the Oneida High School of Scott county, as a domestic corporation duly chartered by chapter 371 of the Private Acts of 1915, and having its *situs* in Scott county; and A. C. Terry, C. B. Hail, J. B. Carson, George H. Jackson, and M. E. Thomas, trustees of said school, and all citizens and residents of said school district and county, against defendants, as the county board of education for Scott county, alleging, among other things, that complainant, Oneida High School of Scott county, was incorporated and created a body politic by chapter 371 of the Private Acts of 1915, and alleging that the other complainants were the legally elected and duly qualified trustees of said school, and that it was the duty of said trustees, and they were vested with power to do so under and by the provisions of said act which gave them the control and management of said school and its property, to employ all necessary teachers for said school, fix their salaries, and to make all necessary rules and regulations for the government of said school; in other words, said act made them the custodian of the school property situated within the special school

district created by said act, including the high school building at Oneida; that at the July session, 1921, of the county court of Scott county said court elected defendants as a county board of education for said county under the provisions of chapter 120 of the Public Acts of 1921, after which defendants organized as a county board of education for said county and entered upon the discharge of their duties as such under said act; that they had, in their official capacity, unlawfully assumed control and had taken possession of the Oneida High School building, which was the only school building owned by the special school district created by chapter 371 of the Acts of 1915, and of which complainants were given control by the provisions of said act, and were employing teachers for and assuming the management and control of said school, notwithstanding the fact that complainants had previous thereto entered into contracts with other teachers than those employed by defendants to teach said school; that defendants were threatening to appropriate the public school fund belonging to said school district to the payment of salaries of teachers and other expenses incident to conducting said school, and all without authority to do so under the law.

The bill prayed for a mandatory injunction requiring defendants to vacate the high school building of said district and restore posesssion thereof to complainants, who were rightfully entitled thereto; that a decree be rendered establishing and fixing the rights of complainants, as trustees of said school, and that it be decreed that appellants, in their official capacity as a county board of education for Scott county, are without right or authority to control or manage said school, and that they be held

personally liable for any damage which they may have done to said school property while in the wrongful possession of same; and that they also be perpetually enjoined from interfering with complainants in the management and control of said school property.

It appears that the complainant, J. B. Carson, appeared before the court, and in writing denied that he had authorized the use of his name as a complainant to the bill, and asked that his name be stricken from the bill as a complainant. Whereupon this was ordered done by the court.

Thereafter complainants were permitted to amend their bill so as to allege that chapter 120 of the Public Acts of 1921 is unconstitutional and void, because it violates section 8 of article 11 and section 8 of article 1 of the Constitution, in that it deprives complainants of a property right which is vested in them by chapter 371 of the Private Acts of 1915, without due process of law.

Defendants answered the bill, admitting that, as the county board of education for Scott county which board was authorized and created by chapter 120 of the Acts of 1921, and duly elected by the county court of said county at its July term, 1921, they had taken possession of said school building, and had assumed the management and control of same by virtue of the authority and power vested in them by said act, and had employed teachers to teach said high school for the ensuing year, as alleged in complainants' bill. They denied, however, that the taking of possession by them of said school building was unlawful, or that their management and control of said building and the employment of teachers to teach said school was unlawful, but

was in accord with the authority and power vested in them by chapter 120 of the Public Acts of 1921.

Defendants further denied that said act was unconstitutional and void for the reasons stated in the amendment to complainants' bill.

Upon the hearing the chancellor sustained complainants' bill, holding that complainants were entitled to the possession, management, and control of the property of said special school district under and by virtue of the provisions of chapter 371 of the Private Acts of 1915, free from any interference on the part of defendants. The mandatory injunction, which had theretofore been issued and served on defendants in accordance with the prayer of the bill, was made perpetual, and defendants were taxed with the costs of the cause. From this decree they have appealed to this court, and have assigned the action of the chancellor for error.

In the court below the cause was heard upon the bill and answer and the stipulation of counsel. In the stipulation of counsel it was agreed that complainants constituted the trustees of the Oneida High School of Scott County under and by virtue of chapter 371 of the Private Acts of 1915, and were in possession and control of the school property of said district at the time of the election of the defendants as the county board of education for said county, and at the time defendants took possession of said school property, claiming the right to possession and the right to manage and control said school property under the provisions of said act of 1915; that defendants claimed the right to take possession of the property of said district and manage and control the same under and by virtue of chapter 120 of the Public Acts of 1921; that

after demanding of complainants the possession of said property, and its possession being refused, defendants took possession of said property, not forcibly, but with the assistance and permission of the complainant, J. B. Carson, whom it is stipulated was not officially representing the trustees of said school district at the time, but assisted them in taking possession of said property.

It was further stipulated and agreed if the board of trustees of the Oneida High School of Scott county was abolished by chapter 120 of the Public Acts of 1921, and the management and control of said school and property were vested in defendants, as the county board of education for said county, by said act, then the defendants were entitled to the possession of said school building and were entitled to control and manage said school and employ teachers for same, but if the possession, management, and control of said school and its property were not changed or transferred by the provisions of chapter 120 of the Public Acts of 1921, then the taking of possession by the defendants of said school property was wrongful, and complainants are entitled to have restored to them the possession of said property, and are entitled to the management and control of said school.

There are other facts set out in said stipulation, but we deem a reference to them unnecessary. We have set out the facts contained in said stipulation which we think are necessary to a proper determination of the issue involved.

Chapter 371 of the Private Acts of 1915 is entitled: "An act to be entitled an act to create a special school district in Scott county, Tennessee, define its boundaries and combining same with the Oneida, school, and providing for

the management and control of said Oneida High School, and providing for the qualification [of] teachers therein and for the qualification of the trustees thereof, and providing for the support thereof."

Section 1 of said acts reads as follows: "Be it enacted by the general assembly of the State of Tennessee, that a special and independent school district be established at Oneida, Scott county, Tennessee, to be known and designated as the Oneida High School of Scott County, be established in the town of Oneida, Scott county, Tennessee, with the following lines and boundaries: [Then follows the boundaries of said school district.]"

Section 2 reads: "Be it further enacted, that said institution shall be governed by five trustees, who, with their successors, shall constitute a body politic and corporate, a majority of whom shall make a *quorum* for the transaction of business. The first board shall consist of C. B. Hale, E. B. Smith, B. C. Thompson, C. Cross and G. W. King, each of whom being freeholders and householders and having resided for more than one year within said bounds.

" 'The members of said board named shall hold their offices as follows: The said E. B. Smith, and G. W. King shall hold until the next county election, at which time their successors, two in number, shall be elected for a term of four (4) years, by the qualified voters within the bounds of said school district.

" 'The said B. C. Thompson, C. Cross, and C. B. Hale shall hold their offices until the second succeeding biennial county election, at which time their successors shall be elected for a term of four years by the voters of said

school district.   All vacancies in said board shall be filled by the board until the next ensuing biennial election.

"'No one shall be eligible to a seat on said board under the age of thirty (30) years.

"'They shall elect a president, secretary and treasurer who shall be members of their own body.'"

In section 3 said board of trustees is given the power and it is made their duty to employ all necessary teachers and make all necessary rules and regulations, and hold such real and personal estate as may be necessary for said school.   It is further provided in said section that they may sue and be sued and have a common seal, and may confer, if they think proper, such literary degrees and diplomas as are usual in academies, and have and enjoy all other powers and privileges that are incident to corporations of this description inclusive of the power to make all necessary by-laws and regulations relative to said high school not inconsistent with the Constitution and laws of the State and the United States.

Section 4 provides that the trustee of Scott county shall apportion to said high school district in proportion to the scholastic population of said district, its *pro rata* of all school funds in his hands at the time of the passage of said act, and which may thereafter come into his hands, which fund shall be set aside for the benefit of said school district, and shall be held by him as a separate fund, and paid on orders or warrants properly drawn by the chairman, secretary and treasurer of said board, or a majority thereof.

It is the contention of defendants that the foregoing act was repealed by chapter 120 of the Public Acts of 1921, which act is entitled:

"An act to be entitled an act to improve the public school system of Tennessee by creating in each county a county board of education and prescribing its duties, by making the county superintendent of public instruction secretary and executive officer of said board; prescribing the method of election of said board members, defining their power and duties and the manner in which vacancies shall be filled; prescribing the power and duties of the county superintendent of public instruction as secretary and executive officer of said board; providing for the abolishment of county high school board of education, county boards of education, district school directors and district advisory boards."

Section 1 is as follows: "Be it enacted by the general assembly of the State of Tennessee, that in each county of the State the offices of county high school board of education, county board of education, district advisory board and district school directors shall be abolished and all public schools in the county, both elementary and high schools, shall be under the management and control of a county board of education as hereinafter provided, and that all school property, now under the control and management of said boards, hereinbefore abolished, shall revert to and be under the management and control of the said county board of education hereinafter provided; provided that all high school funds and property and all elementary school funds and property shall remain and ⁿ managed as distinct and separate.

Section 2 reads: "Be it further enacted, that at the July term of the quarterly county court, 1921, in each county of the State, there shall be elected by said court a county board of education, consisting of members who shall be residents

and voters of the county in which they are elected. That
the persons so elected shall be citizens of recognized in
tegrity, intelligence and ability to administer the duties
of the office. The members of said county board of edu-
cation shall be elected as follows: One for one year, one
for two years, one for three years, one for four years, and
one for five years, one for six years, and one for seven years,
and thereafter they shall be elected for a term of seven
years each."

Section 3 provides the manner in which vacancies shall
be filled.

Section 4 provides for the organization of said county
board of education after their election, and defines the
duties of its chairman.

Section 5 provides for the holding of regular quarterly
meetings, and the dates upon which they are to be held,
and vests in said board the power and duty of electing and
assigning all teachers; the fixing of their salaries; the
location, building and repair of all schoolhouses; the em-
ployment of janitors and the fixing of their wages; the
purchasing of supplies, furniture, fixtures, material, etc.,
and for the suspension of schools under certain circum-
stances.

Section 11 of said act reads as follows: "Be it further
enacted, that the members of said county board of educa-
tion elected under the provisions of this act shall take oath
for the faithful discharge of the duties of their office,
provided that nothing in this bill shall be construed as
applying or affecting in any manner counties now oper-
ating under county elementary boards of education and
county high school boards of education, and provided that
nothing in this bill shall be construed as applying or

limiting the duties of such special school districts as may have already been created in this State by the legislature."

Other provisions of said act are immaterial to the determination of the question involved, and need not be referred to.

It will be noted that chapter 371 of the Private Acts of 1915 is not referred to either in the caption or in the body of chapter 120 of the Acts of 1921. The substance or title of no act is referred to in the latter act. Therefore it is certain that chapter 120 of the Public Acts of 1921 does not expressly undertake to repeal the act of 1915. We think it may be said that it is also clear that the act of 1921 does not repeal the act of 1915 by implication. The act indicates no such intention. There is no repugnancy or conflict between the two acts, in so far as the special Oneida school district is concerned. In order for a later act to repeal an earlier act by implication there must be an irreconcilable repugnancy between the two acts. *McCampbell* v. *State,* 116 Tenn., 98, 93 S. W., 100; *Key* v. *Harris,* 116 Tenn., 161, 92 S. W., 235, 8 Ann. Cas., 200; *State* v. *Chadwick,* 131 Tenn., 359, 171 S. W., 1144; *Railroad* v. *Railway,* 116 Tenn., 500, 95 S. W., 1019.

No such repugnancy exists here, because, in section 11 of the act of 1921 it is expressly provided:

"That nothing in this bill shall be construed as applying [to] or affecting in any manner counties now operating under county elementary boards of education and county high school boards of education, and provided that nothing in this bill shall be construed as applying [to] or limiting the duties of *such special school districts as may have already been created in this State* by the legislature." (The italics are ours.)

If this provision is to be given its plain and unambiguous meaning, then there can be no room for doubt that it was the intention of the legislature to exempt from the operation of said act special school districts which had been created prior to its passage, and which were in existence at the time of its passage. No other construction can reasonably be placed upon the proviso contained in section 11.

The result is therefore that defendants had no right to take possession of the school property of the Oneida high school district, and that their interference with the complainants in the management and control of said school and its property was unlawful.

The decree of the chancellor holding that chapter 120 of the Acts of 1921 did not, either expressly or by implication, repeal or modify the act of 1915 is affirmed, with costs.

Special Justice L. D. SMITH did not participate in the decision of this case.