WILLIAM O. GRAHAM v. STATE OF TENNESSEE.

(*Nashville,* December Term, 1954.)

Opinion filed May 6, 1955.

HUGH STANTON, of Memphis, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Justice Tomlinson delivered the opinion of the Court.

Upon his plea of guilty of housebreaking and larceny the jury fixed Graham's punishment at not more than three years in the penitentiary. Graham requested the Trial Court to sentence him to the Shelby County Workhouse instead of the penitentiary. The application was grounded on the provisions of Code Section 11793 providing, in so far as material here, as follows:

"In all cases where any person shall be convicted of a felony, and the jury trying the case shall be of the opinion that the offense merits a punishment of five years or less, the court, in its discretion, may order said person confined in the county workhouse for the term of such sentence, * * *."

By reason of the fact that the maximum punishment for housebreaking and larceny is ten years, Code Section 10913, the Judge thought he was "without jurisdiction to sentence the defendant to the Shelby County Workhouse but must send him to the penitentiary" because of the ruling in *West* v. *State,* 140 Tenn. 358, 204 S. W. 994, 995. *West* v. *State* held that this code section "does not apply to felonies for which the maximum punishment exceeds five years' imprisonment in the penitentiary".

Graham, being of the opinion that *West* v. *State* is not sound, and has been overruled by *Gilliam* v. *State,* 174 Tenn. 388, 126 S. W. (2d) 305, has appealed. What he wants is that this Court determine whether the Trial Court has authority under Code Section 11793, and the holding in the Gilliam case, to sentence him to the Shelby County Workhouse in lieu of the penitentiary; and, if so, that the cause be remanded for the exercise by the judge of his discretion in the matter.

The State seems to think that this Court should confine itself to the question of whether the Trial Judge abused his discretion and should, therefore, deny the appeal because the record fails to show such abuse.

The error in the State's insistence is, we think, that the Trial Judge has not exercised any discretion in the matter because of his thought that he was without jurisdiction. Now if he has authority under the code section mentioned to determine whether Graham should be sent to the workhouse in lieu of the penitentiary, then Graham has the right to call upon the trial judge to exercise that discretion one way or the other. For that reason we disagree with the State's idea that the question presented is abstract.

The holding of *West* v. *State,* supra, that Code Section 11793 is not applicable to felonies in which the maximum punishment may exceed five years imprisonment does not on its face seem to be consistent with the wording of the statute to the effect that if the jury fixes a punishment of five years or less the Trial Judge may exercise the discretion mentioned. That inconsistency was recognized to some extent in the decision, but it was thought by the Court there that in view of the indeterminate sentence law Section 11793 was not applicable.

In *Gilliam* v. *State,* supra, the conviction was for housebreaking and larceny with punishment fixed for a period of not more than three years as in the case under discussion. The Trial Court, acting under the authority which it supposed Code Section 10913 gave it, sentenced Gilliam to the county workhouse. Gilliam objected to this. His argument was that since the officials of the workhouse are not required to keep a record of good conduct, etc., he would ''be deprived of all allowances for good conduct and of the privilege of being placed on the honor grade'';

hence, would be confined longer in the workhouse than in the penitentiary.

This Court rejected Gilliam's insistence. It construed Code Section 11793 as being applicable when the defendant is "*given* a sentence of five years or less" (emphasis supplied) by the jury. And that case further held that in the absence of a record as to the conduct of the prisoner there would be indulged the presumption that his conduct was good and entitled him to the benefits thereby accruing.

Nowhere in the Gilliam case is *West* v. *State,* supra, mentioned. It does, however, by necessary implication overrule *West* v. *State.* It expressly holds that in a case of a defendant convicted of an offense which carries the maximum punishment of ten years, as in the case at bar, and for which the jury gave him a punishment of not more than three years, as in the case at bar, the Trial Judge, by reason of Code Section 11793, may order him confined in the workhouse of the applicable county rather than in the penitentiary.

The ruling in the Gilliam case, supra, controls the case at bar. Hence, the conclusion of the Trial Judge that he was without jurisdiction to entertain Graham's application for an order confining him to the workhouse is erroneous.

The judgment convicting Graham of housebreaking and larceny and fixing his punishment at confinement for a period of not more than three years will be affirmed, but the cause will be remanded for a determination by the Trial Court under Section 17793 as to whether this confinement shall be in the penitentiary or the workhouse of Shelby County.