HOMER JENKINS *v.* STATE OF TENNESSEE.

(*Knoxville,* September Term, 1931.)

Opinion filed January 25, 1932.

Kramer & Kramer, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

Plaintiff in error was convicted upon the second count in the indictment, his punishment being fixed at one year in the penitentiary.

In the count referred to it was charged that plaintiff in error "unlawfully, wilfully and feloniously did set fire to and did then and there unlawfully, wilfully and feloniously burn a certain dwelling house, the property of the said Homer Jenkins aforesaid located in the 10th Civil District of Blount County, Tennessee, which said building at the time was insured against loss or damage by fire in the Loudon County Farmers Aid Association, a corporation of Loudon County, Tennessee, with intent to injure and defraud the said insurer, the said Loudon County Farmers Aid Association aforesaid, against the peace and dignity of the State."

The evidence introduced by the State was to the effect that the house was set fire to by one William Ballew, Jr., he having been procured or hired to burn same by plaintiff in error, and that plaintiff in error was not present when the building was burned.

In this situation it is insisted that plaintiff in error was only an accessory before the fact and not a principal, and cannot therefore be convicted, he not having been charged in the indictment with having hired and procured William Ballew, Jr., to set fire to said house.

One indicted for arson as a principal cannot be convicted upon evidence that he procured another to burn a building. *Pierce* v. *State,* 130 Tenn., 24.

In 14 Am. & Eng. Ann. Cas., in a note on page 312, it is said:

"In a large number of jurisdictions statutes have been enacted entirely abrogating the common-law distinction between an accessory before the fact and a principal.

These statutes are variously worded, but they are practically uniform in abolishing the distinction and providing that an accessory may be indicted, tried, and convicted as a principal. Under these statutes a person indicted as a principal may be convicted as an accessory."

For example, in Minnesota the statute provides that "Every person concerned in the commission of a crime, whether he directly commits the act constituting the offense, or aids and abets in its commission, and whether present or absent, and every person who directly or indirectly counsels, encourages, hires, commands, induces, or otherwise procures another to commit a crime, is a principal, and shall be indicted as such." *State* v. *Whitman et al.*, 14 Am. & Eng. Ann. Cas., 309. Under such a statute one indicted as a principal can be convicted upon evidence that he procured another to commit the crime.

In this State, however, we have no statute abrogating the common-law distinction between an accessory before the fact and a principal.

■ The statute upon which plaintiff in error was convicted, section 6533 of Shannon's Code, is as follows:

"If any person willfully burn any building, goods, wares, merchandise, or other chattels which are insured against loss or damage by fire, or willfully cause or procure the same to be burned, with intent to injure the insurer, whether such person be the owner of the property or not, he shall be punished by imprisonment in the penitentiary not exceeding ten years."

This statute does not purport to abolish the distinction between a principal and an accessory, but only provides that one who burns, or procures another to burn, a building for the purpose of collecting the insurance thereon is guilty of a crime.

In *Meister* v. *People,* 31 Mich., 99, 112, under a statute similar to ours, the court held one indicted as a principal could not be convicted upon evidence that he procured another to burn a building. The court said:

"The section of the statute under which this prosecution is brought, includes two distinct offenses. The first is, where any person shall 'willfully burn insured property, with intent to defraud the insurer.' The second is, where any one 'shall willfully cause or procure the same to be burned, with intent to injure the insured.'"

Likewise, our statute includes two distinct offenses, viz.: burning property and procuring another to burn it.

■ If the prosecution conceives that the accused procured another to burn the property, it should be so charged in the indictment. If doubt exists as to whether the accused is a principal or an accessory before the fact, it would be proper to incorporate in the indictment a count for each offense.

■ Error is also assigned on the failure of the trial court to instruct the jury that they had the right to commute the punishment to the county jail or workhouse for some period of time less than twelve months, if they deemed confinement in the penitentiary too severe punishment.

In *State* v. *Chadwick,* 131 Tenn., 354, 359, this Court said:

"Notwithstanding the passage of chapter 8 of the Acts of 1913, section 7206 of Shannon's Code is still in force, and should be given in charge to the jury in all cases where the punishment prescribed by law is as low as twelve months in the penitentiary.

"It was the duty of the trial judge to give section 7206 of Shannon's Code in charge without any request. Shannon's Code, section 7188."

This holding has been followed in several unpublished opinions, and is now reaffirmed.

This is a close case on the facts, as is evidenced by the light sentence which the jury imposed. If the trial court had given the instruction referred to above, which section 7188 requires, we are unable to say that the jury would not have fixed the punishment at imprisonment in the county jail.

For the reasons stated herein, the judgment of the trial court is reversed and the case remanded, with the recommendation that a *nolle prosequi* be entered.