ROGERS PHARMACY, INC., *v.* CRENSHAW *et al.*

(*Jackson*, April Term, 1935.)

Opinion filed April 6, 1935.

RAYMOND E. MANOGUE, of Memphis, for plaintiff in error.

CHAS. M. BRYAN and BLAN MAXWELL, both of Memphis, and EDWIN F. HUNT, Assistant Attorney-General, for defendants in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the plaintiff to recover a photographer's license tax alleged to have been illegally exacted of it and paid under protest. The trial judge dismissed the suit.

The plaintiff operated a drug store in Memphis and sold kodak films as an incident to its business. Custommers of the plaintiff, after exposing the films, would bring them back and plaintiff would have them developed by a licensed. photographer.

The plaintiff would charge the customer the prevailing price for having the films developed. The licensed photographer would make the plaintiff a price for the work of 20 per cent. to 30 per cent. less than the regular charge.

Under such circumstances, the taxing authorities concluded that the plaintiff was an agent of a photographer and liable for the privilege tax aforesaid.

Chapter 13, art. 3, sec. 1, p. 123, of the Acts of the Second Extra Session of the Public Acts 1931 provides as follows:

"Item 68.   Photographers

"(a) Each photographer shall pay a tax as follows:

"In cities of over 20,000 inhabitants ............$35.00
"In cities of from 6,000 to 20,000 inhabitants .... 20.00
"In cities, towns or taxing districts under 6,000 and above 2,000 inhabitants ................. 7.50
"In cities of 2,000 inhabitants or under .......... 5.00

"(b) Each photograph, tintype, open-air gallery, or tent gallery of individual photographer, set-up or outside of any city (whether the work shall be furnished there or not) in each county ................ 5.00

"(c) Each traveling photograph gallery, artist, or photographer, going from county to county, and having no established place of business, shall pay a State tax only, and for the full year, per annum .............150.00

"This tax shall be paid in the county of the taxpayer's domicile. He shall carry the original or a certified copy of the license with him; otherwise he shall be assessed in every county until he has produced the license.

"Provided, that this Act and the above privilege tax shall apply to each person, firm or corporation engaged, whether as principal or agent, in the business of developing and/or finishing and/or printing films or glass plates or negatives and/or pictures or prints from films or glass plates or negatives when exposures of such films or glass plate or negative is made by another person, firm or corporation.

"Provided, further, that this Act and the above privilege tax shall apply to each person, firm or corporation engaged, whether as principal or agent, in the business of exposing films or glass plates or negatives when development of and/or printing from such film or glass plate or negative is made by another person, firm or corporation."

The last two paragraphs of the foregoing denominated provisos extend rather than limit the scope of the levy and subject to the tax:

(1) Each person, whether he is principal or whether he is agent, who, as a business, develops films exposed by another, and

(2) Each person, whether he is principal or whether he is agent, who, as a business, exposes films to be developed by another.

Further interpreting, the provisos mean that the finisher is to be taxed whether he employs the cameraman or the cameraman employs him—"whether as principal or agent," in the language of the act. And the cameraman is to be taxed whether he employs the finisher or the finisher employs him—whether as "principal or agent," in the language of the act.

The provisos reach two classes, those who develop films and those who expose films. A person in either class is reached whether he pursues such business as principal or agent. We do not think, however, that the provisos reach an agent, either of a finisher or of a cameraman, when the agent himself neither develops films nor exposes films, and the contention of the state to this effect is overruled.

Reversed and judgment for plaintiff.