**STATE of Tennessee, Petitioner,**

v.

**David HUGHES, Respondent.**

Supreme Court of Tennessee.

July 29, 1974.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., H. Kenneth Deatherage, Dist. Atty. Gen., John C. Crawford, III, Asst. Dist. Atty. Gen., for petitioner.

Don Palmer, Maryville, for respondent.

## OPINION

W. M. LEECH, Special Justice.

In this case the defendant, David Hughes, was tried and convicted in the Criminal Court for Blount County of selling marijuana in violation of T.C.A. § 52–1408 et seq. The jury sentenced the defendant to eleven months and twenty-nine days in the county jail and in addition thereto, he was fined three thousand dollars ($3,000.00). As a result of said sentence, defendant promptly perfected an appeal to the Court of Criminal Appeals contending in part that error was made in the trial judge's charge on the subject of punishment. In response to defendant's contention, the court found error and held that since the jury fixed the defendant's punishment at eleven months and twenty-nine days that the fine should be deleted from the judgment. Thereupon, the State petitioned this Court for the Writ of Certiorari which we granted.

There are two statutory provisions involved in this case. First, T.C.A. § 52–1432(a)(1)(F), which prescribes the punishment for selling marijuana as follows:

"Any person who violates this subsection with respect to . . . a controlled substance classified in schedule

VI is guilty of a felony and upon conviction shall be imprisoned for not less that one (1) year nor more than five (5) years and in addition thereto may be fined not more than three thousand dollars ($3,000)."

And second, T.C.A. § 40–2703, which provides for the commutation of felony sentences as follows:

"In no case shall any person convicted of a felony be confined in the penitentiary for less than twelve (12) months. Whenever the minimum punishment is imprisonment in the penitentiary for one (1) year, but in the opinion of the jury the offense merits a less punishment, the jury may punish by confinement in the county jail or workhouse for any period less than twelve (12) months except as otherwise provided."

With the two foregoing Code sections in mind, the trial judge charged the jury as follows:

"A person that knowingly sells and possesses with the intent to sell is guilty of a felony, and upon conviction shall be imprisoned in the penitentiary not less than one (1) nor more than five (5) years, and in addition thereto may be fined not more than three thousand dollars ($3,000).

\* \* \* \* \* \*

"You may commute the punishment to imprisonment in the County Jail up to a period of 11 months and 29 days and in addition thereto you may add a fine up to $3,000.00."

This is the charge that the Court of Criminal Appeals found erroneous.

The sole issue before this Court is whether the Court of Criminal Appeals erred in holding that when a jury commutes a one (1) to five (5) penitentiary sentence to confinement in a county jail pursuant to T.C.A. § 40–2703, the jury cannot also prescribe a fine made discretionary by the statute providing for the penitentiary sentence.

In order to properly resolve the foregoing issue, two questions must be addressed. First, whether T.C.A. § 40–2703 is applicable herein; and, second, if so, can the jury commute the time of imprisonment while simultaneously imposing the maximum fine provided for in T.C.A. § 52–1432(a)(1)(F).

■ In response to the first of the two aforementioned questions, the Court of Criminal Appeals said:

"We hold that T.C.A. § 40–2703 is applicable in this situation. Our Supreme Court has uniformly held that in all cases where the punishment prescribed by law is as low as twelve months in the penitentiary, the jury may punish by confinement in the county jail for any period of time short of twelve months. Jenkins v. State, 163 Tenn. 635, 45 S.W. 2d 531 (1931); Hooper [Hopper] v. State, 205 Tenn. 246, 326 S.W.2d 448 (1959). Since under the Drug Control Act a one year penitentiary sentence, without any fine, was within the province of the jury, we hold that the provision of T.C.A. § 40–2703 apply to this case."

With this holding we agree, thus we adopt it as our own.

■ In response to the second question, whether the jury can commute the time of imprisonment while also imposing the maximum fine, we hold that they can. We reach this conclusion by reading T.C. A. § 40–2703 in *pari materia* with T.C.A. § 52–1432 (a)(1)(F), and by utilizing one of the cardinal rules of statutory construction that requires that statutes similiar in subject matter be construed so as to make the legislative scheme operate in a consistent and uniform manner. *See, e. g.,* Scales v. State, 181 Tenn. 440, 181 S.W.2d 621 (1944). In the instant case, it can hardly be said that the Legislature had in mind a consistent scheme or plan for punishing the defendant if he could receive any penitentiary sentence of not less than one nor more than five years; if he could receive

any penitentiary sentence of not less than one nor more than five years plus a fine of up to three thousand dollars; or if he could be confined in the county jail or workhouse for any period less than twelve months, but could not be confined in the county jail or workhouse for any period less than twelve months, while at the same time being fined up to three thousand dollars. Therefore, in order to make the two Code sections consistent with one another it is obvious that the jury must be able to commute defendant's time of incarceration to something less than twelve months while at the same time imposing a fine up to three thousand dollars.

 In addition to the foregoing rule of construction, it is the duty of this Court to ascertain and give effect to the intent of the Legislature when it becomes necessary for us to construe the meaning of statutes. *See, e. g.,* Fischer v. Fischer, 477 S.W.2d 513 (Tenn.1972). With this in mind, it is clear that the Legislature intended to leave the punishment to be meted out within the jury's discretion. This follows because the Legislature says that "any person who violates this subsection . . . shall be imprisoned for not less than one (1) year nor more than five" [T.C.A. § 52–1432(a)(1)(F)] *unless in the opinion of the jury* "the offense merits a less punishment" [T.C.A. § 40–2703] "and in addition thereto [the defendant] *may* be fined not more than three thousand dollars ($3,000)" [T.C.A. § 52–1432(a)(1)(F)] (Emphasis added). From the prior underscored language it can be clearly ascertained that the Legislature intended to set the outer limits of punishment, while leaving to the jury the discretion to set the actual punishment within those bounds. *See* Hopper v. State, 205 Tenn. 246, 326 S.W.2d 448 (1959). To give these two Code sections any other construction would be palpably absurd.

The Court of Criminal Appeals, however, held contra citing Mitchell v. State, 123 Tenn. 649, 134 S.W. 306 (1910), wherein this Court said in dictum that:

"Plainly, section 7206 [T.C.A. § 40–2703] does not apply to a case covered by section 6471 [T.C.A. § 39–603]. Under the section last mentioned a jury may fix the imprisonment in the county jail at one year or any time less than that, but *must* add to it a fine for some amount; while under section 7206 [T.C.A. § 40–2703] they may fix a period for any time short of 12 months, *but cannot add a fine.* (Emphasis added.)"

The clear meaning of *Mitchell* when read in full reveals that T.C.A. § 40–2703 is inapplicable only when the lowest punishment for the crime covered is imprisonment for more than one year. In *Mitchell,* the lowest punishment provided for under section 6471 [T.C.A. § 39–603] was "imprisonment in the county workhouse or jail not more than one (1) year, and by fine not exceeding five hundred dollars," thus, T.C.A. § 40–2703 was clearly inapplicable. In the instant case however, T.C.A. § 52–1432(a)(1)(F) provides that the minimum punishment "shall be imprisonment for not less than one (1) year", therefore, T.C.A. § 40–2703 is applicable.

Moreover, in *Mitchell,* the statute involved therein required a mandatory jail sentence of not more than one year and a mandatory fine not exceeding five hundred dollars; whereas under the statute involved herein, T.C.A. § 52–1432(a)(1)(F), the imposition of the fine is discretionary, whether the imprisonment is in the penitentiary or in the county jail. By analogy, we can look to T.C.A. § 39–4205, which provides for lighter penalties in petit larceny cases where . . . "the court . . . on the recommendation of the jury, [may], substitute, in lieu of punishment in the penitentiary, fine and imprisonment in the county jail, or workhouse." In Hopper v. State, 205 Tenn. 246, 326 S.W.2d 448 (1959), this Court said:

"Now the legislature has prescribed that where the punishment is as low as one year's imprisonment in the penitentiary the prisoner may be sent to the county

jail for any period less than 12 months. There are two sections of the Code that apply. One is T.C.A. § 39–4205, supra, which is the Act of 1829, Ch. 23, sec. 26, which gives the power to the judge. The other is T.C.A. § 40–2703, which is the Act of 1859–1860, Ch. 63, which gives the power to the jury."

It results, therefore, that *Mitchell* remains sound law, but it is inapplicable to the instant case. However, should there be any language in *Mitchell* or other former opinions contrary to our holding herein, said language shall conform to the holding of this case.

In conclusion, we hold that the Court of Criminal Appeals erred in holding that when a jury commutes a sentence having a minimum punishment of one year to confinement in a county jail pursuant to T.C.A. § 40–2703, the jury cannot also prescribe a fine made discretionary by the statute providing for the one year minimum penitentiary sentence. Having so held, it necessarily follows that the Court of Criminal Appeals is reversed and the judgement of the trial court is sustained.

DYER, C. J., and CHATTIN, McCANLESS and FONES, JJ., concur.