STATE of Tennessee, Petitioner,

v.

Melvin James DIXON, Respondent.

Supreme Court of Tennessee.

Nov. 17, 1975.

R. A. Ashley, Jr., Atty. Gen., Tom Jennings, Asst. Atty. Gen., Nashville, for petitioner.

Wade M. Boswell, Jon G. Roach, Knoxville, for respondent.

COOPER, Justice.

## OPINION

Melvin James Dixon was convicted of first degree murder in two cases and was sentenced to serve sixty years in each case, with the sentences to run consecutively. On finding that the indictments upon which Dixon was tried were predicated on Chapter 192 of the Public Acts of 1973, which was ruled unconstitutional by this court in *State v. Hailey*, 505 S.W.2d 712 (Tenn.1974),

a divided Court of Criminal Appeals reversed the convictions and remanded the cases for a new trial upon the homicide statutes in effect at the time of passage of Chapter 192 of the Public Acts of 1973. This court granted certiorari to review the action of the Court of Criminal Appeals.

The record shows that Dixon shot and killed Carl Anderson and Carroll Cameron on the evening of July 9, 1973. Dixon, together with Arthur Nance, Betty Jean Tate, and Aretha Styles, drove to the American Service Station at Heiskell and Johnston Streets in Knoxville. Nance began to fill the tank of the automobile with gasoline. The defendant started an argument with his girlfriend over who would pay for the gas. Carroll Cameron, a station attendant, then warned the defendant to watch his language since other customers were present. Thereafter, defendant paid Cameron for the gas but refused to leave the station until the station operator threatened to call the police.

On leaving the station, Dixon went to the home of a friend to get a gun. Then, in company with Nance and the two girls, Dixon returned to the service station to retrieve the automobile gas cap which Nance had failed to replace. Dixon drove to the office door and, without saying a word, gunned-down both Cameron, who had just answered the telephone in the office, and Carl Anderson, who was walking toward the office to take the call. The defendant shot each man twice. He then fled the scene, threw the murder weapon from the Gay Street Bridge, and concealed the automobile.

Dixon testified he acted in self-defense in shooting the two men. This testimony was contradicted by Dixon's companions, the only other eyewitnesses to the crime, who testified that neither victim reached for a gun or had in any way provoked the defendant at the time of the shooting. The investigating officers also testified that after the shooting, Cameron was holding a telephone in his hand. Cameron did have a gun in his right rear pocket, but it was unfired. Anderson had no weapon on him.

These murders were committed and the defendant was indicted and tried after the effective date of Chapter 192 of the Public Acts of 1973 (May 8, 1973), which was "An ACT to amend Title 39 of the Tennessee Code Annotated to prescribe the death penalty for murder in the first degree and for other related purposes." The Act amended numerous sections of the Tennessee Code Annotated. Material to a decision in these cases, the Act deleted "in [their] entirety" T.C.A. Sections 39–2402 (Murder in the first degree) and 39–2406 (Jury to fix punishment for murder in the first degree) and substituted therefor a new definition of first degree murder and a different punishment for the crime. The Act also provided that punishment was to be fixed by the jury in a proceeding separate from that in which the defendant's guilt was determined. It was judicially determined by this court in *State v. Hailey*, 505 S.W.2d 712 (Tenn.1974) that the Act was unconstitutional for the reasons that:

> "(1) [I]t contains more than one subject and (2) the title or caption gave no notice to the Legislature or to the public of some of the subjects contained in its body."

Being an unconstitutional Act, Chapter 192 of the Public Acts of 1973 was void from the date of its enactment, and there could be no valid conviction under the Act. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Stone v. Wainwright*, 478 F.2d 390 (5th Cir. 1973); *Bannister v. United States*, 446 F.2d 1250 (3rd Cir. 1971). *See also* *O'Brien v. Rutherford County*, 199 Tenn. 642, 288 S.W.2d 708 (1956); *State v. Hobbs*, 194 Tenn. 823, 250 S.W.2d 549 (1952). It does not necessarily follow, however, that the convictions in these cases are void. An unconstitutional act designed to amend or supersede an existing law does not repeal or change the former valid act but leaves it in full force and effect. *McMinn County*

*Board of Education v. Anderson,* 200 Tenn. 333, 292 S.W.2d 198 (1956). And similarly a criminal statute superseded or repealed by an unconstitutional act is left unaffected by the passage of the void repealing act. *State v. Kolocotronis,* 73 Wash.2d 92, 436 P.2d 774 (1968). The effect then of the decision in the *Hailey* case, *supra,* declaring Chapter 192 of the Public Acts of 1973 void was to leave unaffected the prior statute defining first degree murder (T.C.A. Section 39–2402) and prosecutions for murder under indictments that conform with the requirements of that statute are valid unless prejudicial error was committed during the course of the trial.

■ In the case *sub judice,* the indictments under which Dixon was tried and convicted conformed in all respects to the requirements for first degree murder indictments under T.C.A. Section 39–2402 as that statute existed prior to enactment of Chapter 192. The evidence admitted under the indictments supported the jury's finding that Dixon was guilty of murder in the first degree in each of the two cases. The instructions given to the jury by the trial judge, in all but one respect, paralleled full and complete instructions given in prosecutions for murder under indictments predicated on T.C.A. Section 39–2402. The only substantive difference in the instruction was as to the minimum punishment for the crime. Under the valid act the minimum punishment for murder in the first degree was confinement in the penitentiary for any period over twenty years. T.C.A. Sections 39–2405–2406. The invalid act of 1973, which was the basis of the trial judge's instructions to the jury, provided for a minimum punishment of twenty-five years. Since the prosecution in these cases must be in accord with T.C.A. Sections 39–2402 and 39–2405, and 39–2406 to be valid, the instruction on punishment was erroneous. The question then is: Was the erroneous instruction prejudicial to the defendant? The defendant contends the instruction must by its very nature constitute prejudicial error since there is no infallible means for determining the sentence a jury would have imposed had it been correctly instructed as to the minimum sentence that could be imposed on a finding of guilty of murder in the first degree. The petitioner, on the other hand, considers the error to be harmless in light of the severe punishment handed down by the jury in each case. The jury fixed punishment in each case at thirty-five years more than the minimum the trial judge instructed them the law provided. It is thus obvious that the jury, regardless of which provision of the law was in effect, had no intention of giving the defendant the minimum term and that consequently the minimum term for the offense of murder in the first degree was not a material factor in their determination of the sentences. Error in charging the minimum sentence to be inflicted is harmless error where it is obvious that the error could not have affected the sentence determined by the jury. *See Daniel v. State,* 24 Ga.App. 557, 101 S.E. 812 (1919). *Cf. Maxwell v. State,* 97 Ga.App. 334, 103 S.E.2d 162 (1958); *Patterson v. State,* 42 Okl.Cr. 255, 275 P. 387 (1929); *Jenkins v. State,* 163 Tenn. 635, 45 S.W.2d 531 (1932).

■ From the above authorities and the record, we have concluded that the indictments in these cases met the requirements of T.C.A. Section 39–2402 and that no prejudice resulted to defendant from the error of the trial court in setting forth the minimum sentence that could be inflicted on defendant on a finding of guilty of murder in the first degree and that, consequently, the convictions of first degree murder in these cases are valid. The judgments of the Court of Criminal Appeals are reversed and the judgments of the trial court are reinstated.

FONES, C. J., HENRY and HARBISON, JJ., and INMAN, Special Justice, concur.