**Larry P. BINGHAM, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Jan. 9, 1976.

Certiorari Denied by Supreme Court March 22, 1976.

Samuel E. Wallace, Nashville, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., William J. Haynes, Jr., Asst. Atty. Gen., Edward M. Yarbrough, Asst. Dist. Atty. Gen., Nashville, for defendant-in-error.

## OPINION

O'BRIEN, Judge.

This defendant was charged, tried, and convicted of escape in violation of T.C.A. Sec. 39–3802. He was sentenced to not less than one nor more than two years in the State Penitentiary.

The only assignment of error relied on here is the trial judge failed to instruct the jury that the defendant could be sentenced to a term in the Davidson County Workhouse for any period not to exceed eleven months and twenty-nine days under the provisions of T.C.A. Sec. 40–2703, which reads as follows:

> "Place of confinement for terms of less than one year.—In no case shall any person convicted of a felony be confined in the penitentiary for less than twelve (12) months. Whenever the minimum punishment is imprisonment in the penitentiary for one (1) year, but in the opinion of the jury the offense merits a less punishment, the jury may punish by confinement in the county jail or workhouse for any period less than twelve (12) months except as otherwise provided."

In this case, the jury was instructed in reference to their sentencing authority in these words:

"If you find the defendant guilty of the offense of escape from the Nashville Community Release Center while confined for a term less than life, the law provides that the defendant shall be imprisoned in the penitentiary for a term of not less than one (1) year nor more than five (5) years, and you, the Jury, are to fix the minimum and the maximum sentence which you think the defendant should serve.

If you find the defendant guilty, beyond a reasonable doubt, you will report your verdict as follows: 'We, the Jury, find the defendant guilty of escape from the Nashville Community Release Center and fix the punishment at imprisonment in the Penitentiary for not less than 1 years minimum nor more than 2 years maximum. However, in the event you convict the defendant, the minimum sentence must not be less than one (1) year and not more than two (2) years, and the maximum sentence may not exceed five (5) years."

In *Jenkins v. State,* 163 Tenn. 635, 45 S.W.2d 531, our Supreme Court had this to say:

"Error is also assigned on the failure of the trial court to instruct the jury that they had the right to commute the punishment to the county jail or workhouse for some period of time less than twelve months, if they deemed confinement in the penitentiary too severe punishment. In *State v. Chadwick,* 131 Tenn. 354, 359, 174 S.W. 1144, 1146, this court said:

'Notwithstanding the passage of chapter 8 of the Acts of 1913, section 7206 of Shannon's Code is still in force, and should be given in charge to the jury in all cases where the punishment prescribed by law is as low as 12 months in the penitentiary.

'It was the duty of the trial judge to give section 7206 of Shannon's Code in charge without any request. Shannon's Code, 7188.' "

In *State v. Hughes,* Tenn.S.Ct., 512 S.W.2d 552 (1974), in dealing with a somewhat different facet of the question, our Supreme Court concurred, with approval, in this court's citation of *Jenkins,* supra, as authority for the proposition in issue here. We hold that the trial judge erred in failing to instruct the jury in accordance with the provisions of T.C.A. Sec. 40–2703. In view of the positive language of the jury instructions, "the minimum sentence must not be less than one (1) year and not more than two (2) years", we are of the opinion the jury could easily have been mislead, and therefore, our Supreme Court decision in *State v. Melvin James Dixon,* Tenn., 530 S.W.2d 73, does not apply.

It does not result, however, that defendant is entitled to a new trial on the issue of his guilt of escape which is not questioned. In *Lay v. State,* Tenn.Cr.App., 501 S.W.2d 820, we said:

" . . . When a defendant has had a fair trial by an impartial jury and his guilt established, his right to a trial by jury has been guaranteed, and there is no denial of any constitutional protection if a separate jury fixes his punishment. The precedent has been clearly established in this State. See *Huffman v. State* [200 Tenn. 487, 292 S.W.2d 738], supra; *State v. Davis,* 3 Tenn.Cr.App. 625, 466 S.W.2d 237."

There is adequate precedent in Tennessee for bifurcated trials by a second jury after guilt has been legally found by a first. See *Beaver v. State,* Tenn.Cr.App., 475 S.W.2d 557. The case is remanded to the trial court for the fixing of punishment by a jury after introduction of such evidence as may be necessary, and proper jury instructions on the sentence for the offense.

GALBREATH, J., concurs.

RUSSELL, J., dissents.

RUSSELL, Judge.

The majority remand for a new trial as to punishment, because the trial judge erred in not charging the provisions of T.C.A. § 40–2703.

By the express terms of that statute, it is applicable only "when in the opinion of the jury the offense merits a less punishment" than a minimum of one year in the penitentiary. The jury in the case at bar set the punishment at one to two years, which is obviously more than the possible minimum of one to one. I therefore conclude that the error is harmless, since of necessity the jury must be said not to have found that the crime merited less than one year, since it actually set more than that penitentiary minimum.

A case precisely on point, as I read it, is *State v. Melvin James Dixon*, an opinion of our Supreme Court written by Mr. Justice Cooper and filed at Knoxville on November 17, 1975. Dixon was convicted of first degree murder in two cases and sentenced to sixty years in each case. The correct minimum punishment for the crime was, at that time, twenty years; but the trial judge erroneously charged the jury that twenty-five years was the applicable minimum. So, just as in the case at bar, an incorrectly inflated minimum punishment was charged, but the jury set punishment above the inflated incorrect minimum. The Supreme Court said:

"* * * It is thus obvious that the jury, regardless of which provision of the law was in effect, had no intention of giving the defendant the minimum term and that consequently the minimum term for the offense of murder in the first degree was not a material factor in their determination of the sentences. Error in charging the minimum sentence to be inflicted is harmless error where it is obvious that the error could not have affected the sentence determined by the jury. (citing cases)"

I respectfully dissent.