STATE of Tennessee, Appellant,

v.

Arthur L. DRIVER and Edward J. Blumenfeld, Appellees.

Supreme Court of Tennessee.

May 12, 1980.

---

Edwin M. Walker, Michael J. Passino, Asst. Attys. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellant.

Joseph K. Willcox, Glankler, Brown, Gilliland, Chase, Robinson & Raines, Memphis, for Arthur L. Driver.

Jerry B. Martin, Memphis, for Edward J. Blumenfeld.

## OPINION

COOPER, Justice.

The appeal in these eight cases presents the primary question: Does T.C.A. § 48–1644(B) place an unconstitutional burden upon a defendant charged in a criminal indictment with violation of the Securities Law of 1955.

The Shelby County grand jury returned eight two-count indictments against Arthur L. Driver. Seven of the indictments are identical, except for the bonds that were the subject of an offer of sale or trade and the person to whom the offer was made. The eighth indictment differs additionally in that Edward F. Blumenfeld is named as a codefendant with Mr. Driver and they are charged with acting in concert. The language of the first count of each indictment parallels that in subsection (ii) of T.C.A. § 48–1644(B), while the language of the second count parallels that used in the last paragraph of section (B).

T.C.A. § 48–1644 now provides in material part that:

It shall be a fraudulent practice and it shall be unlawful:

(A) * * *

(B) For any person, in connection with any transaction or transactions in this state which involve any offer to sell or to buy securities, or any sale or purchase of securities, including securities exempted under the provisions of § 48–1619 and including any transactions exempted under the provisions of § 48–1632, either directly or indirectly:

(i) To employ any device, scheme or artifice to defraud: or

(ii) To engage in any act, practice, transaction or course of business which operates or would operate as a fraud or deceit upon the purchaser or seller.

For any person to sell or offer to sell a security by means of any oral or written untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission) <u>if such person shall not sustain</u>

the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission. (emphasis supplied)

The trial judge dismissed the indictments on the ground the underlined part of the statute placed an unconstitutional burden on the defendants.

In its brief, the state concedes that if the second paragraph of § 48–1644(B) places the burden of persuasion as to an element of the offense charged in the indictment on the defendant then it is unconstitutional. See *Mullaney v. Wilbur*, 421 U.S. 684, 702–703, 95 S.Ct. 1881, 1891–92, 44 L.Ed.2d 508 (1975); *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); *United States v. Romano*, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); *Morrison v. California*, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934). The state also concedes the statute can be read, as the trial judge did, to require the defendant to carry the burden of proof on an element of the crime, that is, "that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission," but takes the position that the statute is ambiguous and that one of the two possible constructions is constitutional. Specifically, the state argues that the statute should be read as imposing upon the defendants the burden of "going forward" with the evidence, not the "burden of persuasion."

■ We see no basic ambiguity in the statute under consideration. As pointed out by the trial judge, "we have a clear command of a statute placing the burden of proof on the defendant and the ultimate fact of guilt or innocence is based on the defendant carrying this burden of proof. Further, a look at [the] indictment in which both Driver and Blumenfeld are charged jointly, not only does each have the burden of proving [his own knowledge and actions], but each also has the burden of proving what knowledge the other had . . . or [what] could have been known by the other. See *Morrison v. California, supra. See also Tot v. U. S.*, 319 U.S. 463, 63 S.Ct. 1241 [, 87 L.Ed. 1519] (1943)." We agree with the trial judge that this placing of the burden of proof on the defendant is unconstitutional. We do not agree, however, with his ultimate holding that T.C.A. § 48–1644(B) is unconstitutional in its entirety, nor with his action in dismissing both counts of the several indictments.

■ The offending part of the statute—that is, the last paragraph of T.C.A. § 48–1644(B), wherein the burden of proof is placed on the defendant—was not a part of the Securities Act when it was adopted in 1955, but became a part of the Act in 1976 by amendment. An unconstitutional act designed to amend or supersede an existing law does not repeal or change the former valid act but leaves it in full force and effect. *State v. Dixon*, 530 S.W.2d 73 (Tenn.1975). The deletion of the unconstitutional 1976 amendment to T.C.A. § 48–1644(B) leaves in force that part of the statute which forms the basis of the criminal charge set forth in the first count of the indictments, a charge which is not subject to the constitutional infirmity that adheres to the 1976 amendment.

The judgment of the trial court dismissing the several indictments is reversed. The case is remanded for entry of judgments dismissing the second count of the several indictments and for such other action as the trial judge then deems necessary.

BROCK, C. J., and FONES, HENRY and HARBISON, JJ., concur.