**STATE of Tennessee, Appellant,**

v.

**Patrick Francis LAWYER, Appellee.**

Court of Criminal Appeals,
at Jackson.

April 16, 1981.
Opinion on Petition to Rehear
May 7, 1981.
Permission to Appeal Denied by Supreme Court July 20, 1981.

William M. Leech, Jr., Atty. Gen., Michael J. Passino, Asst. Atty. Gen., Nashville, James R. Garts, Jr., Asst. Dist. Atty. Gen., Memphis, for appellant.

Ronald D. Krelstein, Hal Gerber, James D. Causey, Memphis, for appellee.

## OPINION

TATUM, Judge.

This is an appeal by the State from a judgment of the Criminal Court of Shelby County vacating 5 judgments of conviction. The defendant entered guilty pleas to 5 indictments charging violations of T.C.A. § 48–1644(B), and a general judgment was entered in each case sentencing the defendant to 11 months and 29 days in the Shelby County Penal Farm. Subsequently, the defendant moved to withdraw his guilty pleas and prayed in the alternative for post-conviction relief on the ground that T.C.A. § 48–1644(B) is unconstitutional. The trial judge granted the relief, after holding the statute to be unconstitutional, and entered judgments vacating the previously-entered judgments of conviction. We find that the judgments vacating the convictions must be reversed.

T.C.A. § 48–1644 provides, in material part, as follows:

"It shall be a fraudulent practice and it shall be unlawful:

(A) * * *

(B) For any person, in connection with any transaction or transactions in this state which involve any offer to sell or to buy securities, or any sale or purchase of securities, including securities exempted under the provisions of § 48–1619 and including any transactions exempted under the provisions of § 48–1632, either directly or indirectly:

(i) To employ any device, scheme or artifice to defraud: or

(ii) To engage in any act, practice, transaction or course of business which operates or would operate as a fraud or deceit upon the purchaser or seller.

For any person to sell or offer to sell a security by means of any oral or written untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission) *if such person shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.*"

In *State v. Driver*, 598 S.W.2d 774, 776 (Tenn.1980), the Supreme Court held the last paragraph of the statute, beginning with the words "for any person to sell or offer to sell," to be unconstitutional because it places the burden of proof as to an element of the offense upon the defendant. However, the Supreme Court held that T.C.A. § 48–1644(B)(i) and (ii) were valid and constitutional. The Supreme Court decided the *Driver* case after the trial judge's final disposition of the case at bar.

The defendant entered general pleas of guilty in cases number 64132, 64133, 64134

and 64135. The indictments in each of these four cases charged 2 counts; the first counts charged violations of T.C.A. § 48–1644(B)(ii), and the second counts, charged violations of the last paragraph of the statute, which was held unconstitutional in the *Driver* case. The defendant also entered a guilty plea to the second count of the indictment in case number 61588 which charged a violation of T.C.A. § 48–1644(B)(i).

■ Assuming *arguendo* that the unconstitutionality of the last paragraph of the statute was not waived by the guilty pleas, then the convictions are still valid because the indictments in case numbers 64132 through 64135 each contained a count charging violation of Subsection (ii), which is not harnessed by an unconstitutional infirmity. As stated, the defendant entered general pleas of guilty to the entire indictment in these cases. The defendant only entered a guilty plea in case number 61588 to the count charging the violation of Subsection (i), which is constitutional.

■ It is axiomatic that a general verdict finding a defendant guilty upon an indictment with a number of counts, some of which are legally invalid, will be referred to the count or counts which are good, and judgment upon them will be affirmed. *Peek v. State*, 213 Tenn. 323, 375 S.W.2d 863, 867 (1964); *Taylor v. State*, 50 (3 Heiskell) Tenn. 460, 464–465 (1871); *Rice v. State*, 50 (3 Heiskell) Tenn. 215, 221–222 (1871). This same proposition is applicable to a general plea of guilty to a multi-count indictment.

This case was originally appealed from the trial court directly to the Supreme Court under T.C.A. § 16–408, upon the theory that the only question presented was the constitutionality of T.C.A. § 48–1644(B). The Supreme Court transferred the appeal to this court because the case presents the additional question of whether the defendant waived his right to challenge the constitutionality of the statute. Our holding renders this latter question moot.

The judgment of the trial court vacating the judgments of conviction is reversed, and the cases are remanded to the trial court for reinstatement of the convictions and execution of the reinstated judgments.

WALKER, P. J., and CORNELIUS, J., concur

## OPINION ON PETITION TO REHEAR

TATUM, Judge.

The defendant has filed a petition to rehear in which he insists that we overlooked material facts or propositions of law. His primary contention is that the evidence which the State would have offered if the defendant had pled not guilty intertwined both counts of the indictments. He quotes at length from colloquy between the court and the District Attorney General when the guilty pleas were made. However, the pleas of guilty constituted an admission of all of the facts alleged in the indictments, including the counts charging violations of statutes that are constitutional. *Parker v. State*, 492 S.W.2d 456 (Tenn.Cr.App.1973); *State v. Cook*, 479 S.W.2d 823 (Tenn.Cr.App.1971); *Myers v. State*, 3 Tenn.Cr.App. 414, 462 S.W.2d 265 (1970); *Swaw v. State*, 457 S.W.2d 875 (Tenn.Cr.App.1970).

The petition to rehear points to no relevant proposition of fact or law not previously considered. The petition to rehear is denied.

WALKER, P. J., and CORNELIUS, J., concur.