IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1997 SESSION

FILED

September 18, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,

    APPELLEE,  )
          ) No. 01-C-01-9608-CR-00343
          )
          ) Putnam County
v.         )
          ) John A. Turnbull, Judge
          )
          ) (Driving While Under the Influence)
MARK SPENCER KING,  )
          )
    APPELLANT.  )

FOR THE APPELLANT:

Jacky O. Bellar
Attorney at Law
212 Main Street
Carthage, TN 37030

J. Branden Bellar
Attorney at Law
212 Main Street
Carthage, TN 37030

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Janis L. Turner
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William A. Gibson
District Attorney General
145 South Jefferson Avenue
Cookeville, TN 38501

William S. Roberson
Assistant District Attorney General
145 South Jefferson Avenue
Cookeville, TN 38501

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# OPINION

The appellant, Mark Spencer King (defendant), was convicted of driving while under the influence (DUI) following a bench trial. The sole issue which this Court must resolve is whether evidence of the chemical breath test should have been admitted into evidence. The defendant argues this evidence should not have been introduced because the 1995 amendment to Tenn. Code Ann. § 55-10-408(b), which rendered the statute unconstitutional, was in effect at the time he was arrested. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this Court that the judgment of the trial court should be affirmed.

The defendant moved the trial court to exclude as evidence the results of the chemical breath test. The test revealed the defendant had a blood alcohol content of .14%. The trial court agreed with the defendant that Tenn. Code Ann. § 55-10-408, as amended in 1995, was unconstitutional. However, the court concluded it could apply the standard contained in the statute before the amendment. Thus, the court dismissed the defendant's motion to suppress, and the test results were introduced into evidence over the defendant's strenuous objection.

## I.

A review of the initial statutory provisions, the amendments to the statute, and the effect of the changes are relevant to the inquiry.

Prior to 1995, Tenn. Code Ann. § 55-10-408(b) stated:

> Evidence that there was, at the time alleged, ten-hundredths of one percent (.10%) or more by weight of alcohol in the defendant's blood shall create a presumption that the defendant was under the influence of such intoxicant, and that defendant's ability to drive was impaired thereby, sufficiently to constitute a violation of § 55-10-401.[1]

---

[1]The United States Supreme Court and the appellate courts of this state have held that the word "presumption" should not be used in jury instructions. The word "inference" should be used instead. Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); State v. Coker, 746 S.W.2d 167, 170 (Tenn. 1987), cert. denied, 488 U.S. 871, 109 S.Ct. 180, 102 L.Ed.2d 149 (1988).

In 1995 the Tennessee General Assembly amended Tenn. Code Ann. § 55-10-408. The statute, as amended, stated:

> Evidence that there was, at the time alleged, ten hundredths of one percent (.10%) or more by weight of alcohol in the defendant's blood shall be conclusive proof that the defendant was under the influence of such intoxication, that the defendant's ability to drive was impaired thereby and shall constitute a violation of § 55-10-401.

1995 Tenn. Pub. Acts, Ch. 517, § 1.

This amended statute became effective on July 1, 1995. It was in effect when the defendant was arrested on November 12, 1995. The Attorney General subsequently rendered an opinion which stated the "conclusive proof" provision of the statute rendered the statute unconstitutional. Tennessee Attorney General Opinion 95-117 (November 28, 1995).

The Tennessee General Assembly amended the 1995 Act in 1996. This amendment returned the statute to its status prior to the 1995 amendment. 1996 Tenn. Pub. Acts, Ch. 915, §§ 2, 3. The 1996 Act became effective upon its passage. The Act was passed by the Tennessee General Assembly on April 24, 1996. Governor Sundquist signed the Act on May 8, 1996.

## II.

The trial court was correct in finding the 1995 Act was unconstitutional. The court was also correct in applying the act in existence prior to the 1995 Act. Therefore, the trial court properly admitted the results of the chemical breath test, and treated the results as an inference that the defendant's ability to operate a motor vehicle was impaired pursuant to Tenn. Code Ann. §§ 55-10-401, et. seq.

In this jurisdiction, an unconstitutional statute or an amendment to a constitutional statute is void ab initio -- from the date of its enactment. State v. Driver, 598 S.W.2d 774, 776 (Tenn. 1980); Leech v. American Booksellers Ass'n, Inc., 582 S.W.2d 738, 740 (Tenn. 1979); State v. Dixon, 530 S.W.2d 73, 74 (Tenn. 1975). Therefore, the unconstitutional

2

provision does not have the effect of amending or superseding the existing constitutional statute.  <u>Id</u>.  In other words, the prior constitutional statute is unaffected by the effort to amend or supersede the statute, and it remains in full force and effect.

3

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
WILLIAM M. BARKER, JUDGE


_____
THOMAS T. WOODALL, JUDGE

3