# IN THE CRIMINAL COURT OF APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY 1998 SESSION



**FILED**

**April 7, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9706-CC-00218 |
| | ) | |
| vs. | ) | Franklin County |
| | ) | |
| **GREGORY STEELE,** | ) | Honorable J. Curtis Smith, Judge |
| | ) | |
| Appellant. | ) | (DUI) |
| | ) | |

FOR THE APPELLANT:

ROBERT S. PETERS
Attorney At Law
100 First Avenue, S.W.
Winchester, TN 37398

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
Counsel for the State
425 Fifth Avenue North
Cordell Hull Building
Nashville, TN 37243-0493

WILLIAM COPELAND
Asst. Dist. Attorney General
324 Dinah Shore Blvd.
Winchester, TN 37398

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT, JUDGE

**OPINION**

The defendant, Gregory Steele, directly appeals his conviction and sentence imposed by the Franklin County Criminal Court. A jury convicted the defendant of driving a motor vehicle while under the influence of an intoxicant, first offense, and the trial judge imposed a $350.00 fine, suspension of driving privileges for one year, and a sentence of eleven months, twenty-nine days, of which fifteen days must be spent in confinement with the balance served on probation. The defendant challenges the sufficiency of the convicting evidence and the sentence imposed by the trial court. After a review of the record and briefs, we affirm the judgment of the trial court.

On October 7, 1995, a Franklin County deputy sheriff observed the defendant driving his car at night with only one headlamp working. Except for the faulty headlamp, the defendant was driving his vehicle lawfully, was not speeding, and was not driving erratically. The deputy stopped the defendant in order to warn him about the headlamp. As the defendant exited his vehicle and met the officer, the officer smelled beer on the defendant. The defendant admitted to drinking "between eight and ten cups of beer." The officer testified he asked the defendant to perform a battery of field sobriety tests, but the officer was unable to recall the results of any tests. A second officer arrived, and although he did not observe the tests, he testified that the defendant's speech was "sorta slurred" and the defendant was "sorta unsteady on his feet." However, the second officer testified he could understand the defendant's words, and the defendant was polite. The defendant submitted to a blood test, the results of which were stipulated into evidence. The test results showed the defendant's blood-alcohol level was .10 percent. The defendant testified that, prior to being stopped, he had attended a dinner where, over a four-hour period, he drank "four or five cups of beer, but . . . may have said eight to ten." He testified he was not under the influence, and the officer never informed him that he failed any of the field sobriety tests.

When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990).

In determining the sufficiency of the convicting evidence, this court does not re-weigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. Id. at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our supreme court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the state."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law,

for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Id. at 914.

At the time of the offense, Tennessee Code Annotated section 55-10-401 proscribed driving an automobile on public roads and certain other locations "while under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system." Tenn. Code Ann. § 55-10-401 (1993) (amended 1996). Also, at the time of the offense, Tennessee Code Annotated section 55-10-408(a) declared a conclusive presumption of intoxication upon a showing that the blood-alcohol content was .10 percent or greater. See Amendments, Tenn. Code Ann. § 55-10-408 (Supp. 1996); see also 1995 Tenn. Pub. Acts 517. That provision for a conclusive presumption of intoxication, enacted in 1995 but since deleted, was widely viewed as being unconstitutional. See Francis v. Franklin, 471 U.S. 307, 105 S. Ct. 1965 (1985); Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450 (1979) (holding that due process prohibits the prosecution's use of presumptions which are conclusive in nature or which shift the burden of proof to the defendant); State v. Sensing, 843 S.W.2d 412, 417 (Tenn. 1992) (admonishing trial judges not to use the word "presumption" in instructing the jury as to the provisions of Code section 55-10-408). However, our supreme court has held that a "criminal statute superceded or repealed by an unconstitutional act is left unaffected by the passage of the void repealing act." State v. Dixon, 530 S.W.2d 73, 75 (Tenn. 1975). This principle has been applied to the 1995 version of Code section 55-10-408. State v. Mark Spencer King, No. 01C01-9608-CR-00343 (Tenn. Crim. App., Nashville, Sept. 18, 1997). Therefore, the pre-1995 version of section 55-10-408 applies to the present case. Under that version, a blood-alcohol weight of .10 percent or greater created a presumption of intoxication and impairment. See Amendments, Tenn. Code Ann. § 55-10-408 (Supp. 1996). Under Sensing, the courts must treat this presumption as a "permissible inference." Sensing, 843 S.W.2d at 417.

4

Although the defendant smelled of alcohol, admitted drinking several cups of beer, and had some slurred speech and unsteadiness on his feet, we agree with the defendant that many of the usual indicators of driving under the influence are not in evidence in the present case. He was not observed driving recklessly or erratically. Also, there is no evidence that he failed any field sobriety test. His speech was intelligible, and he was polite and well behaved. The defendant maintains the proof was in equipose and that his testimony that he was not intoxicated was sufficient to overcome the statutory inference and render the state's case insufficient as a matter of law. With this conclusion we cannot agree.

The inference that the defendant was under the influence of an intoxicant came into play because the blood test resulted in a finding of .10 percent, the minimum amount to trigger the inference. Once triggered, "it was the function of the jury to decide whether . . . [the] inference of intoxication had been rebutted by the other evidence . . . ." State v. John Thomas Newell, No. 4, slip op. at 3 (Tenn. Crim. App., Jackson, June 17, 1986), perm. app. denied (Tenn. 1986). As defined in John Thomas Newell, the inference is an inference of fact to which the jury may accord such probative value as it desires, an inference that is evidentially present in the case even though there is opposing evidence.

At trial, the defendant presented a plausible, fact-based argument for acquittal. Indeed, had the test result yielded a blood-alcohol percentage less than .10, the case would likely be controlled by State v. James Russell Neill, Jr., No. 02C01-9503-CC-00067 (Tenn. Crim. App., Jackson, Mar. 6, 1996). In James Russell Neill, the officer stopped Neill's car because of its presence at night in a high-crime area. Neill smelled of alcohol and admitted he had been drinking. The officer found alcohol inside the car. However, there had been no abnormal driving. The arresting officer placed no field sobriety test results into evidence and testified that Neill's speech was not slurred, "his gait was normal, and he had no difficulty with his motor skills." Id., slip op. at 3. A breath-alcohol test yielded a .09 percent

5

result.  This court commented,

> The mere odor of alcohol upon one's breath is insufficient to sustain a conviction for driving under the influence of an intoxicant. Moreover, a blood-alcohol level of .09 percent does not create an inference . . . . Certainly a defendant may be convicted of the offense of driving while under the influence of an intoxicant where the results of the breath test show a blood-alcohol level of less than .10 percent, but in such cases, there must also be evidence of the defendant's impaired driving ability.  In this case, the record is simply devoid of such evidence.

Id., slip op. at 4-5 (citations omitted).  This court reversed Neill's conviction. However, in the present case, the blood-alcohol level was sufficient to trigger the statutory inference.  The legislature prescribed an inference of intoxication, and in order for it to be applied, a line of demarcation must be drawn.  Moreover, the line must be drawn where the legislature dictates.  Because the defendant's blood-alcohol level crossed that line, intoxication was a question of fact for the jury to determine.  The defendant had the right and opportunity to challenge the inference and to persuade the jury that he was not intoxicated; he had his day in court on this issue.  Now, the jury's verdict of guilty stands presumptively correct on appeal.

In the light most favorable to the state, the statutory inference, especially in conjunction with the proof that the defendant had in fact been drinking, that he smelled of alcohol, that his speech was "sorta slurred" and he was "sorta" unsteady on his feet, established a sufficient basis for the jury's verdict.

The defendant's second issue is his claim that the trial court erred in requiring him to serve fifteen days in confinement.  He also complains that the sentencing determination was made without giving him a reasonable opportunity to be heard.

In misdemeanor sentencing, a separate sentencing hearing is not mandatory but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence.  Tenn. Code Ann. §40-35-302(a) (1997).  Misdemeanor sentences must be specific and in

6

accordance with the principles, purpose, and goals of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. §§40-35-104, 302 (Supp. 1996); Tenn. Code Ann. §40-35-117 (1990); State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinant sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. Generally, a percentage of not greater than 75% of the sentence should be fixed for a misdemeanor offender; however, a DUI offender may be required to serve 100% of his sentence. Palmer, 902 S.W.2d at 393-94. In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to the sentencing. Id.

Upon service of that percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. The trial court retains the authority to place the defendant on probation either immediately or after a period of periodic or continuous confinement. Tenn. Code Ann. §40-35-302(e) (1997). The legislature has encouraged courts to consider public or private agencies for probation supervision prior to directing supervision by the Department of Correction. Tenn. Code Ann. §40-35-302(f) (1997). The governing statute provides the trial court has continuing jurisdiction in misdemeanor cases and a wide latitude of flexibility. The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829 (Tenn. Crim. App. 1994).

The trial court imposed split confinement and incarcerated the defendant for fifteen days. Although the fifteen days exceeds the minimum confinement of forty-eight hours for first-offense DUI, it is nevertheless within a range of reasonableness that must be entrusted to the trial court. We find no fault with the sentence in this case.

7

Furthermore, the trial court committed no prejudicial error in the manner in which it determined the sentence. After the jury returned its verdict and was dismissed, the trial judge indicated he was ready "to go ahead and have a sentencing hearing at this point in time." He asked the assistant district attorney general if the state had any proof to offer, and the state declined. At that point, defense counsel spoke and had the following colloquy with the trial judge:

> Defense attorney: Your Honor, we have nothing in addition.
>
> Court: All right.
>
> Defense attorney: We will, however, be filing the necessary motions.
>
> Court: Yes, sir. All right, counsel, I'm ready to impose sentence.
>
> Defense attorney: Yes, Your Honor.

The court proceeded to impose sentence in the case, without objection by the defendant. We find the defendant was given a reasonable opportunity to be heard. Moreover, had there been no reasonable opportunity, the defendant has waived the issue by failing to object, see Tenn. R. App. P. 36(a), and furthermore he has failed to demonstrate any prejudice from the asserted lack of opportunity to be heard. Tenn. R. App. P. 36(b); Tenn. R. Crim. P. 52(a).

Finding no error, we affirm the judgment of the trial court.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____
WILLIAM M. BARKER, JUDGE