**Rudy David PARKER and Ricky Moorman, Petitioners,**

**v.**

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

Dec. 27, 1972.

Certiorari Denied by Supreme Court April 2, 1973.

James W. Baxter, Memphis, for Parker.

Tom Emerson Smith, Memphis, for Moorman.

David M. Pack, Atty. Gen., Phillip W. Brooks, Asst. Atty. Gen., Nashville, Thomas F. Graves, Asst. Dist. Atty. Gen., Memphis, for respondent.

OPINION

WALKER, Presiding Judge.

After an evidentiary hearing of this petition of Rudy David Parker and Ricky Moorman for postconviction relief, the trial judge carefully considered all grounds alleged and found them without merit. We agree with his thorough and painstaking finding of fact and conclusions of law and affirm.

Represented by the Shelby County public defender, the petitioners on October 19, 1970, entered pleas of guilty to robbery with a deadly weapon and were sentenced

to ten years in the penitentiary. They contend they did not have effective representation of counsel and their pleas of guilty were involuntary. Their petition alleges (1) they were arrested without a warrant or probable cause; (2) Parker was under influence of drugs; (3) they signed confessions without being ·informed of their rights; (4) they were forced to accept attorneys from the public defender's office who conferred only five minutes with them and threatened to withdraw if they did not plead guilty. The trial judge examined each of these claims and found they were not sustained. The evidence amply supports his findings.

Since the petitioners attacked their trial counsel, the court appointed separate counsel not connected with the public defender's office to represent the petitioners in this proceeding. The two assistant public defenders who represented the petitioners testified and completely refuted any contention of ineffective representation of counsel or involuntary pleas of guilty. The petitioners were arrested approximately 2:50 A.M., August 25, 1970, about ten minutes after the robbery, confessed and were identified by the victim. The attorneys talked with them on at least three occasions.

In the record before us we also have the signed waivers of trial by jury and requests for acceptance of their pleas of guilty as well as the verbatim transcript of the hearing on the pleas of guilty.

Before accepting the guilty pleas, the trial judge addressed each petitioner personally to determine if he understood the charges and his waiver of the right to jury trial and the possible punishment and if his plea was voluntary. Each petitioner denied any promises or force or threats had been used to coerce his plea. The trial judge also satisfied himself that there was a factual basis for the pleas. He properly discharged his function on pleas of guilty and left a record adequate for later review under the principles of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

A plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and is a waiver of all nonjurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. Shepard v. Henderson, 1 Tenn.Cr.App. 694, 449 S.W. 2d 726.

The trial judge's findings of fact are conclusive unless this court finds the evidence preponderates against his judgment. Parker v. Russell, 2 Tenn.Cr.App. 130, 451 S.W.2d 722.

The petitioners have not carried their burden, and the judgment is affirmed.

MITCHELL and DWYER, JJ., concur.