# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## RODNEY SMITH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
No. 14123   Stella L. Hargrove, Judge

**No. M2007-00707-CCA-R3-HC - Filed December 10, 2007**

The Appellant, Rodney Smith, appeals the trial court's dismissal of his petition for habeas corpus relief. The Appellant fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ. joined.

Rodney Smith, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In March 1997, the Appellant was indicted for first degree premeditated murder, first degree murder in the perpetration of a robbery, first degree murder in the perpetration of a theft, and especially aggravated robbery. In September and November 1999, respectively, the Appellant pled guilty to the lesser included offense of facilitation of first degree felony murder and especially aggravated robbery. The Appellant was sentenced to concurrent terms of twenty years. On or about January 9, 2007, the Appellant filed a petition for habeas corpus relief alleging that the criminal indictment against him is defective and void on its face and that, as a result, he is being unlawfully restrained. Specifically, the Appellant contends the indictment did not set forth the elements of the underlying felony supporting the felony murder charge. The Appellant also argues that the judgment form does not properly reflect the offense to which he pled guilty. The trial court dismissed the petition without a hearing. The Appellant appealed, and the State has filed a motion to affirm pursuant to Rule 20, Rules of the Court of Criminal Appeals.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated Sections 29-21-101 et seq. codify the applicable procedures

for seeking such a writ. However, the grounds upon which our law provides relief are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83(Tenn. 1999). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." McLaney, 59 S.W.3d at 93. A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963). Unlike a post-conviction petition, the purpose of a habeas corpus petition is to contest a void, not merely voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, see Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App.1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn.1998). An indictment meets constitutional requirements if it provides sufficient information: (1) to enable the accused to know the accusation to which an answer is required, (2) to furnish the court an adequate basis for the entry of a proper judgment; and (3) to protect the accused from double jeopardy. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must state the facts of the offense in ordinary and concise language "in such a manner as to enable a person of common understanding to know what is intended." See Tenn. Code Ann. § 40-13-202.

The Appellant contends that the trial court was without jurisdiction to enter judgment in this case because the indictment charging felony murder did not allege all of the elements of the underlying felony. This Court has held that a felony murder indictment must allege the killing was committed during the perpetration of a felony, but specific allegations of the elements and facts of the underlying felony are unnecessary. See State v. Alfonzo E. Anderson, No. W2000-00737-CCA-R3-CD, 2002 WL 1558491 (Tenn. Crim. App., Jan. 9, 2002). The indictment at issue referenced the statutes defining the offenses. This has been held to satisfy the constitutional and statutory requirements of Hill. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000).

The Appellant's claim that the judgment form does not accurately reflect the offense to which he pled guilty is equally without merit. The Appellant pled guilty to facilitation of felony murder, and the judgement properly reflects the conviction offense. Facilitation of felony murder is a lesser included offense of felony murder, the charged offense in this case. See State v. Ely, 48 S.W.3d 710 (Tenn. 2001). The code section cited in the judgment sheet, Tennessee Code Annotated Section 39-11-117(a)(1), simply explains that "[f]or the purposes of classification of other offenses, first degree murder is one (1) class above Class A." "The facilitation of the commission of a felony is an offense of the class next below the felony facilitated by the person so charged." Tenn. Code Ann. § 39-11-

2

403(b).  Accordingly, facilitation of felony murder is a Class A felony.  The judgment so reflects. Appellant is, therefore, not entitled to habeas relief on this claim.  As to any non-jurisdictional challenges raised in the petition, the Appellant waived these claims by not objecting prior to trial, and by pleading guilty.  <u>See</u> Tenn. R. Crim. P. 12(b); <u>Parker v. State</u>, 492 S.W.2d 456, 457 (Tenn. Crim. App. 1972).

For the reasons stated above, the Appellant has failed to set forth any allegations indicating that the trial court lacked jurisdiction to convict or sentence or that he is unlawfully "restrained" for a sentence that has expired.  Accordingly, the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ROBERT W. WEDEMEYER, JUDGE