# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MARQUISE HARRIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2004-C-2465**

---

**No. M2009-01834-CCA-R3-HC - Filed May 21, 2010**

---

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. Petitioner, Marquise Harris, has appealed the trial court's order dismissing his petition for writ of habeas corpus in which Petitioner alleged that: (1) he received ineffective assistance of counsel; (2) was subject to an illegal search, seizure, and arrest; and (3) he received an unconstitutional enhancement of his sentences. Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition for habeas corpus relief and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ. joined.

Marquise Harris, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter, and Clarence E. Lutz, Assistant ATtorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Petitioner was indicted by the Davidson County Grand Jury in July of 2004 in case number 2004-C-2465 for one count of attempted first degree murder, three counts of aggravated assault, one count of criminal impersonation, one count of criminal trespass, and one count of felonious possession of a weapon. In case number 2004-C-2468, Petitioner was indicted for two counts of attempted first degree murder, two counts of aggravated assault, and one count of felonious possession of a weapon.

On January 13, 2006, Petitioner pled guilty to two counts of aggravated assault and one count of felonious possession of a weapon in case number 2004-C-2465. Petitioner pled guilty to two counts of attempted first degree murder in case number 2004-C-2468. The remaining counts were dismissed. In exchange for the guilty pleas, Petitioner received an effective sentence of twenty-three years.

On July 10, 2008, Petitioner filed a petition for writ of habeas corpus in Lake County. It was dismissed without a hearing by the Lake County Circuit Court. Petitioner then filed an application for permission to appeal to the Tennessee Supreme Court. It was dismissed on August 26, 2008.

Subsequently, Petitioner filed a petition for writ of habeas corpus in Davidson County, alleging that he received ineffective assistance of counsel; that he was subject to an illegal search, seizure, and arrest; and that he received an unconstitutional enhancement to his sentences. The trial court denied relief, granting the motion to dismiss filed by the State on the basis that Petitioner failed to raise a cognizable claim for habeas corpus relief. Petitioner filed a timely notice of appeal and now challenges the trial court's decision to dismiss the petition.

*Analysis*

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21.

The trial court herein properly dismissed the petition for habeas corpus relief. None of the grounds for relief presented by Petitioner were cognizable in a habeas corpus proceeding. Petitioner's claim of ineffective assistance of counsel should have been brought in a post-conviction proceeding. Admittedly, a trial court can treat a petition for habeas corpus relief as a petition for post-conviction relief. T.C.A. § 40-35-105. However, the petition herein, if treated as a post-conviction petition, would be untimely. T.C.A. § 40-30-102(a). Additionally, Petitioner's claim that he was seized and searched illegally and that police officers violated Petitioner's *Miranda* rights was waived by Petitioner's guilty plea. *Parker v. State*, 492 S.W.2d 456, 457 (Tenn. Crim. App. 1972) ("A plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and is a waiver of all nonjurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding."). Finally, Petitioner's challenge to his sentence appears to challenge the enhancement of his sentence under *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner pled guilty to the offenses with an agreed upon sentence. Therefore, no enhancement factors were used to determine Petitioner's sentence. Further, a *Blakely* violation would merely render the judgments herein voidable, not void. *See Donovan Davis v. State*, No. M2007-00409-CCA-R3-HC, 2007 WL 2350093, at *1 (Tenn. Crim. App., at Nashville, Aug. 15, 2007), *perm. app. denied*, (Tenn. Nov. 13, 2007). Petitioner is not entitled to relief.

*Conclusion*

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or

action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE