# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER SESSION, 1998

FILED

November 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,            )
                              )          No. 02C01-9804-CC-00116
          Appellee            )
                              )          DYER COUNTY
vs.                            )
                              )          Hon. LEE MOORE, Judge
GEORGE MILTON BROOKS,         )
                              )          (Rape of a Child)
          Appellant           )

For the Appellant:

**H. Tod Taylor**
Asst. Public Defender
208 N. Mill Avenue
P. O. Box 742
Dyersburg, TN  38025-0742

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Clinton J. Morgan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**C. Phillip Bivens**
District Attorney General
P. O. Drawer E
Dyer County Courthouse
Dyersburg, TN  38025

OPINION FILED: _____

APPEAL DISMISSED

**David G. Hayes**
Judge

## OPINION

The appellant, George Milton Brooks, appeals from a judgment of conviction entered by the Circuit Court of Dyer County. The appellant pled guilty to one count of rape of a child, a class A felony. Pursuant to the plea agreement, the trial court sentenced the appellant to fifteen years incarceration in the Tennessee Department of Correction. As a condition of his plea, the appellant reserved the right to appeal, as a certified question of law, the trial court's denial of (1) his motion to suppress his statement to the police and (2) his motion seeking permission to introduce prior sexual activity of the victim pursuant to the "rape shield law," Tenn. R. Evid. 412. See Tenn. R. App. P. 3(b); Tenn. R. Crim. P. 37(b).

After review of the record, the appeal is dismissed.

## Background

On June 11, 1997, at approximately 12:39 p.m., Dyersburg Police were notified that a child was at a local hospital and had reported a sexual assault. Officer Steve Isbell responded to the hospital where the twelve year old victim informed him that she had been raped by her stepfather, the appellant, earlier that day. Upon receiving this information, Officer Isbell, accompanied by two other officers, proceeded to the appellant's residence in Dyersburg.

At approximately 1:30 p.m., the officers arrived at the appellant's residence. Although no questions were asked by the officers, the appellant was advised of his Miranda rights. The appellant attempted to talk to the officers at this point. However, the officers interrupted the appellant, informing him that he could talk to them later. The appellant was then transported to the county jail.

2

Later that afternoon, Officer Isbell and Officer Lois Montgomery removed the appellant from the county jail and took him to an interview room at the police department. The appellant was again advised of his <u>Miranda</u> rights and proceeded to provide the police the following statement:

> . . .
> . . . I have a tape.
> . . .
> . . . [A] porno tape . . .
> . . .
> . . .I ask[ed] her . . . if she might want to look at the tape . . . to see what . . . sex is really all about. And she said yeah. And so I went and got it and put it in, and it . . . was playing, and . . . I told her, I said,. . . if it's something, that . . . you're curious about or something. . . all you have to do is ask. And she did make a statement. She said well, I was going to ask you anyway if I could see it.
> . . .
> I . . .I was really . . . kind of joking . . . I said . . . makes you want to fool around or something like that, you know, and she said um-ha. And . . . the next thing I knew we was back in the bedroom, but now, honest to God, I did not, with my manlihood, did I penetrate her.
> . . .
> And she took her clothes off, and . . . and she kind of laughed, you know, said I'll be there in a minute, or something like that. I'll . . . be there in a second. And she got in the bed.
> . . .
> It was just . . . it was just some fondling.
> . . .
> She took her hand and started playing with my penis.
> . . .
> And I was rubbing her rear.
> . . .
> And then I . . . did proceed to mess with her vagina.
> . . .
> With my hand.
> . . .
> I just rubbed and. . . I did put my finger up there.
> . . .
> [W]e keep some Vaseline on the night stand, on Pam's side, and I thought it might be best to use some.
> . . .
> So I did.
> . . .
> Yeah. I didn't force her. I did not drag her. . . . I did not take her clothes off or nothing.
> . . .
> [D]espite what anything was, I did not [ force my penis in her].
> . . .
> Well, it was . . . agreeable. I guess is the only way I know how to put it, but I never actually put it in.
> . . .
> No. . . . I'll be honest. We. . . gonna do this. I was there, but I didn't.
> . . .
> I just couldn't.
> . . .
> Well, it was a mutual thing, but I didn't actually put . . .I didn't actually

3

get in her.

. . .

Now, I . . . had . . . at about the same time. . . something snapped in
me and . . . said no. I had a premature ejaculation. . . . I wasn't in her,
and I . . . seamened [sic] on her. . . .

. . .

. . . [I]f you want me to be hon[est] . . . I didn't have an erection.

. . .

[I]t's just something I've had problems with. . . .

. . .

I mean . . . it was touching. . . .

...

. . . [B]ut I never . . . I did not go in her.

. . .

Well, due to the fact that it wasn't no . . . no decent erection at all, yes,.
. . it maybe did [penetrate her] and I didn't know it. All I know is. . . it
was like all in one split second . . . I thought to myself no, and then I
was about ready to do it, and . . . I done it with my hand.

Based upon the appellant's statement and the previous statements related by
the victim to the police, an arrest warrant was obtained for the arrest of the
appellant.

Following the trial court's denial of both the motion to suppress and the Rule
412 motion in limine, the appellant plead guilty to one count of rape of a child,
reserving two certified questions of law for appellate review.

**Analysis**

The appellant, in this appeal, seeks review of the certified questions under
the provisions of Tenn. R. Crim. P. 37(b)(2)(iii). The State argues that the
appellant's reliance upon this provision is misplaced and that the certified questions
reserved are appropriate only for review pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or
(iv).[1] Thus, the State contends the appeal must be dismissed and the trial court's
decision affirmed. The trial court's order specifically reserves the certified questions
under Tenn. R. Crim. P. 37(b)(2)(iii). Accordingly, we proceed to determine whether

---

[1]Although the State did not contest appellate review at the trial level, we are compelled to
raise any defect relating to the certified questions sua sponte because it relates to the very nature
of our jurisdiction. State v. Bowlin, 871 S.W.2d 170, 172-173 (Tenn. Crim. App. 1993).

4

the questions are properly before this court under subsection (iii).

A guilty plea is an admission of all facts alleged and is a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. See State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984) (citing Parker v. State, 492 S.W.2d 456 (Tenn. Crim. App. 1973)). Thus, a defendant's right to appeal after entering a guilty plea is very limited. For example, before an appeal may proceed pursuant to Tenn. R. Crim. P. 37(b)(2)(iii), the accused must establish (1) "that the error(s) complained of were not waived as a matter of law by the [guilty plea]" and (2) that "such errors are apparent from the record of the proceedings already had." This provision is only applicable "where guilt was not contested but the record clearly reflects an invalidating error, such as the clear denial of the right to counsel or a conviction under an invalid statute, wherein it would be judicially inefficient to require a post-conviction collateral attack when the error is apparent upon the face of the existing record." Advisory Commission Comments, Tenn. R. Crim. P. 37. "Error upon the face of a record is that which is so patent that no reasonable person could disagree that error existed on the record." State v. Moton, No. 03C01-9104-CR-00129 (Tenn. Crim. App. at Knoxville, Feb. 6, 1992), perm. to appeal denied, (Tenn. Jun. 22, 1992). "Error is not apparent from the face of the record if one must resort to the weighing of evidence to determine if there is error." Moton, No 03C01-9104-CR-00129.

Rule 37(b)(2)(iii) does not provide an avenue of appeal for the errors claimed by the appellant in the present case. There is no clear denial of a basic constitutional right such as the right to counsel or the violation of double jeopardy. The trial court heard evidence and argument on both issues, weighed the testimony of the witnesses, and applied legal principles in reaching its decision. See, e.g., State v. Turner, 919 S.W.2d 346, 359-360 (Tenn. Crim. App. 1995). Accordingly, 37(b)(2)(iii) is not the proper vehicle under which an appeal may lie in this case.

5

Clearly, if we were to treat this as an appeal under Rule 37(b)(2)(iii), the appeal would be summarily dismissed. However, in the present case, the record reflects unanimous agreement by the District Attorney, the appellant, and the trial court that the appellant was pleading guilty conditioned upon his right to appeal two certified questions of law. Moreover, the trial court entered an order on January 8, 1998, preserving such questions. As such, in order to affect the intent of the parties, we elect to review under the provisions of Rule 37(b)(2)(i).[2]

Under Rule 37(b)(2)(i), an appeal lies from a guilty plea if the final order of judgment contains a statement of the dispositive certified question of law reserved by the defendant, wherein the question is so clearly stated as to identify the scope and the limits of the legal issues reserved. See State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988); see also State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996). The order must also state that the certified question was expressly reserved as a part of the plea agreement, that the State and the trial judge consented to the reservation, and that the State and the trial judge are of the opinion that the question is dispositive of the case. Preston, 759 S.W.2d at 650 (emphasis added). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss." Wilkes, 684 S.W.2d at 663. That is to say that, if we should find the appellant's position correct, there would be no case to prosecute as there would be no proof to convict.

In the present case, the December 9 plea agreement does not expressly reserve the certified questions as part of the plea agreement. Moreover, there is no indication that the trial court and the State determined that the certified questions are dispositive of the case. Technically, the record fails to show that the requirements of Preston and Patterson have been satisfied. However, as this case

---

[2]We note that provision 37(b)(2)(iv) is inapplicable in the present case. The Comment to the 1984 amendment provides that (iv) "would only apply where there was no plea agreement and the defendant pled to the charge with the court imposing sentence." See Comment to 1984 Amendment, Tenn. R. Crim. App. 37.

6

was initially reserved under (iii), such particularities may be sacrificed in the interest of justice. Cf. State v. Rains, No. 01C01-9412-CR-00433 (Tenn. Crim. App. at Nashville, Oct. 26, 1995), perm. to appeal denied, (Tenn. Apr. 1, 1996); State v. Hester, No. 01C01-9509-CR-00289 (Tenn. Crim. App. at Nashville, Jun. 11, 1996), perm. to appeal denied, (Tenn. Dec. 2, 1996 ) (holding that the supreme court appears to have relaxed the Preston requirements somewhat by its order in State v. Sarah Hutton Downey, No. 03C01-9307-CR-00221 (Tenn. at Knoxville, Jul. 6, 1994)).

Even if we were to ignore the technical omissions by the appellant, we are unable to conclude that the certified questions are dispositive of the case. Specifically, we fail to find the trial court's denial of the appellant's motion to suppress dispositive of the case.[3] Indeed, although the appellant's confession is a strong part of the State's evidence, the State could have presented the testimony of the victim had the case gone to trial and, from this evidence, a rational trier of fact could have found the appellant guilty of rape of a child without the State ever introducing the appellant's statement. Nor is the question of whether the trial court properly refused to permit the introduction of prior sexual activity of the victim under Tenn. R. Evid. 412 dispositive of the case.[4] See, e.g., State v. Sanders, No. 01C01-

---

[3]Although we need not address the merits of this issue, we conclude, from the facts before us, that the trial court properly denied the appellant's motion to suppress. Initially, we find that the proof contradicts the appellant's assertion that his Sixth Amendment right to counsel had been violated. Adversarial proceedings (the arrest warrant) had not been initiated until after the appellant provided a statement and, thus, the appellant's Sixth Amendment right to counsel had not attached. See Michigan v. Jackson. 475 U.S. 625, 639 106 S.Ct. 1404, 1407 (1986); see also State v. Mitchell, 593 S.W.2d 280, 283 (Tenn.), cert. denied, 449 U.S. 845, 101 S.Ct. 128 (1980); State v. Butler, 795 S.W.2d 680, 685 (Tenn. Crim. App. 1990). Additionally, the record supports the trial court's conclusion that the appellant had waived his rights under the Fifth Amendment. Although the record does not contain an express waiver, either written or verbal, by the defendant, the lack of an explicit waiver does not automatically require the exclusion of a confession if the Miranda warnings were provided and if a waiver can be found from the facts and surrounding circumstances. State v. Elrod, 721 S.W.2d 820, 823 (Tenn. Crim. App. 1986). See also North Carolina v. Butler, 441 U.S. 369, 374-375, 99 S.Ct. 1755, 1758 (1970). There is no dispute that the appellant was advised of his Miranda rights and that he voluntarily agreed to provide a statement, in fact, when law enforcement officers first arrived at his residence, the appellant anxiously attempted to explain his side to the officers. There is no indication that the defendant was the least bit reluctant to give a statement.

[4]Notwithstanding the fact that this question is not properly before this court, we conclude that Rule 412 is applicable to cases involving the rape of a child. See Advisory Commission Comments [1991], Tenn. R. Evid. 412; see also State v. Cowans, No. 02C01-9610-CC-00359 (Tenn. Crim. App. at Jackson, Nov. 25, 1997), perm. to appeal denied, *concurring in results only,*

9312-CC-00420 (Tenn. Crim. App. at Nashville, Jul. 21, 1994), perm. to appeal denied, (Tenn. Dec. 12, 1994) (issue regarding 412 evidence not dispositive of case). Rather, such evidence was sought to establish the victim's knowledge of sexual matters and would only impact the weight to be afforded to the evidence.

This court will not violate court rules to assume jurisdiction of a matter on agreement of litigants and the trial court. State v. Wilkes, 684 S.W.2d at 667. It is the appellant's duty to properly perfect the appeal. As we find neither certified question dispositive of the case, this court has no jurisdiction to entertain this appeal. See Tenn. R. Crim. P. 37(b)(2).

Accordingly, the appeal is dismissed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JOHN H. PEAY, Judge


_____
L. T. LAFFERTY, Senior Judge

---

(Tenn. Jul. 6, 1998). However, before evidence of specific instances of a victim's sexual behavior may be admitted at trial, the accused must file a written motion ten days prior to trial, accompanied by an offer of proof describing the specific evidence and the purpose for introducing it. Tenn. R. Evid. 412(d)(1). In a pre-trial motion, the appellant sought to introduce evidence that (1) the victim had viewed pornographic movies with her aunt and uncle; (2) the victim was permitted to be in the same bed with her mother and step-father while they engaged in sexual activities; and (3) the victim has in the past been sexually molested by someone other than the defendant in order to explain the victim's knowledge of sexual matters. Although the appellant's motion was timely filed and stated the purpose for seeking introduction of the evidence, the motion failed to make an offer of proof that effectively substantiated his allegations. See State v. Malone, No. 03C01-9510-CC-00314 (Tenn. Crim. App. at Knoxville, Mar. 20, 1997), perm. to appeal denied, (Tenn. Oct. 27, 1997). Thus, the appellant has failed to comply with the procedural requirements of Rule 412 and the motion was properly denied. Because of the appellant's procedural default as to this issue, we need not address other concerns including whether the incidents alleged constitute "sexual activity" within the purview of Rule 412.