# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MATTHEW JACKSON v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Lake County
### No. 11CR9552    R. Lee Moore, Jr., Judge

---

### No. W2011-00583-CCA-R3-HC  - Filed August 31, 2011

---

The Petitioner, Matthew Jackson , appeals the Circuit Court of Lake County's dismissal of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

J.C. MCLIN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Matthew Jackson, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

In two separate cases, the Petitioner entered guilty pleas to two counts of aggravated rape, aggravated kidnapping, aggravated robbery, and theft of property over $500. Following a sentencing hearing, the trial court imposed concurrent sentences of twenty-five years for aggravated rape, twelve years for aggravated kidnapping, ten years for aggravated robbery, and two years for theft, resulting in an effective sentence of twenty-five years.  The Petitioner's sentence was affirmed on direct appeal.  See State v. Matthew Melton Jackson, No. M2001-01999-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 96 (Tenn. Crim. App., at Nashville, Feb. 7, 2003), perm. to appeal denied (Tenn. May 12, 2003).  The Petitioner then

filed a petition for post-conviction relief. The post-conviction court granted relief with regard to the theft conviction and denied relief with regard to the remaining convictions. This Court affirmed the post-conviction court's judgment on appeal. See Matthew Melton Jackson v. State, No. M2004-01342-CCA-R3-PC, 2005 Tenn. Crim. App. LEXIS 481 (Tenn. Crim. App., at Nashville, May 18, 2005), perm. to appeal denied (Tenn. Oct. 31, 2005).

The Petitioner next filed a petition for writ of habeas corpus contending that his sentence is illegal and void because the trial court enhanced his sentence in violation of his Sixth Amendment right to a jury trial, as interpreted by the United States Supreme Court in Blakely v. Washington, 542 U.S. 296 (2004). The trial court denied the petition. On appeal, this Court affirmed the denial holding that the Petitioner's "claim of an erroneously enhanced sentence based upon the holdings in Blakely and its progeny, even if proven, would render the judgment voidable, not void and, as such, is not cognizable in a habeas corpus case." Matthew Jackson v. State, No. W2010-01205-CCA-R3-HC, 2010 Tenn. Crim. App. LEXIS 1058, at *6 (Tenn. Crim. App., at Jackson, Dec. 14, 2010) (citations omitted). This Court further held that "Blakely does not apply retroactively to cases on collateral appeal." Id. (citation omitted).

On February 15, 2011, the Petitioner filed a petition for writ of habeas corpus challenging his sentence based upon Blakely and Cunningham v. California, 549 U.S. 270 (2007), and challenging the chain of custody of a gun and plastic bag. On March 8, 2011, the trial court denied the petition, and the Petitioner filed a timely notice of appeal.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely

voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 Tenn. Crim. App. LEXIS 282 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The Petitioner previously challenged his sentences under Blakely and its progeny in a habeas corpus proceeding, and this Court rejected the claim. See Matthew Jackson, 2010 Tenn. Crim. App. LEXIS 1058, at *6. Because this claim has been previously adjudicated, the Petitioner is barred from raising the issue. See Bryan Pearson v. State, No. E2005-02606-CCA-R3-HC, 2006 Tenn. Crim. App. LEXIS 434, at *6 (Tenn. Crim. App., at Knoxville, May 26, 2006), perm. to appeal denied (Tenn. Oct. 2, 2006). The Petitioner's challenge to the admission of evidence based upon chain of custody is waived by the Petitioner's guilty plea. See Parker v. State, 492 S.W.2d 456, 457 (Tenn. Crim. App. 1972) ("A plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and is a waiver of all nonjurisdictional and procedural defects and constitutional infirmities, if any, in a prior stage of the proceedings."). Finally, the Petitioner contends that the trial court failed to inform him that his prior convictions and other factors could be used to increase his sentence. Because the Petitioner failed to raise the issue in his petition for writ of habeas corpus in the trial court, this issue is waived. Moreover, the Petitioner's claims regarding the plea colloquy were previously raised in the post-conviction relief petition and addressed by the post-conviction court and this Court. See Matthew Melton Jackson, 2005 Tenn. Crim. App. LEXIS 481, at **26-32. Thus, the Petitioner is barred from raising his issue. See Bryan Pearson, 2006 Tenn. Crim. App. LEXIS 434, at *6.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment

or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.  <u>See</u> Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE